The judgment of the court was pronounced by
Slidell, J.
The action is upon a policy of insurance. The defence is, that the building insured was set fire to and destroyed by rioters, and that the case comes within the following clause in the policy: “Provided always, and it is hereby declared, that this corporation shall not be liable to make good any loss *483 or damage by fire which may happen or take place by means of any invasion, insurrection, riot, or civil commotion, or of any military or usurped power, or by an earthquake or hurricane;” We concur with the district judge in the opinion, that the defence was sustained by the evidence. It is ti’ue, that the persons who set fire to the house, had originally assembled without any such design, but for an innocent purpose. But it seems, says a writer of high authority, to be clear, that if, in an assembly of persons met together on"any lawful occasion, a sudden proposal should be started of going together in a body to pull down a house or enclosure, or to do any other act of violence, to the disturbance of the public peace, and such motion be agreed to, and executed accordingly, the persons concerned cannot but be rioters; because their associating themselves 'together for such a new purpose, is in no way extenuated by their having met at first.upon.another. Russell on Crimes, vol. 1, p. 268, citing 1 Hawkins, P. C., c. 65, s. 3.
It is said, that the precise number of persons engaged in setting fire to the house is not proved; and under the authorities it may be conceded, that to constitute a riot, there must be a tumultuous disturbance of the peace by three persons or more. See Russell, vol. 1, p. 266. We consider it, however, clear, from the evidence, that the number of persons so engaged was more than three; and that, for the purposes at least of the enquiry in a civil action, the fact of a riot was established. The riot seems to have been preceded by an affray; but, in our opinion, was not the less on that account, in legal contemplation, a riot. It is said, that if there was a riot, the defendants were obliged to establish the fact by the judgment of a competent court in a criminal proceeding, wherein the rioters were tried and convicted. The plaintiff has not cited, nor are we aware of any authority in support of this position.
The judgment of the district court is therefore affirmed, with costs.