Baker *et al. v.* The German Fire Insurance Company.

Because of the errors indicated, the judgment must be reversed.

Judgment reversed, with costs.

Filed June 25, 1890.

---

No. 14,158.

## BAKER ET AL. *v.* THE GERMAN FIRE INSURANCE COMPANY.

INSURANCE.—*Proof of Loss.*—*Requirement in Policy as to.*—*Duty of Assured.*—The requirement in a policy of insurance that particular proof of loss shall be made under oath as soon as possible, imposes upon the insured the duty of making such proof within a reasonable time and without unnecessary delay.

SAME.—*Time of Making Proof.*—*Question of Law.*—Where there is no dispute as to the facts whether the requirements of the policy as to time of making proof have been complied with, is a question of law for the court.

SAME.—*Delay.*—*Non-Compliance with Conditions of Policy.*—An unexplained delay of three months and nineteen days after the fire, in making the particular proof of loss, is unreasonable, and is not a compliance with the conditions of the policy.

SAME.—*Complaint.*—*Conditions Precedent.*—In a complaint to recover upon a policy of fire insurance, it must affirmatively appear that all conditions precedent to a right of recovery have been complied with by the insured, or an excuse for non-performance or a waiver of such conditions must appear, in order that the complaint may be held sufficient.

SAME.—*Occupancy of Building.*—*Warranty.*—A statement inserted in the face of the policy that the building insured is "occupied as a hotel, with bar and billiard-room attached," constitutes an express warranty that the building is so occupied at the time the policy is issued, and the fact that it was not so occupied at the time the policy was issued, but was occupied instead by a saloon, constitutes a defence to an action on the policy.

From the Marion Superior Court.

*F. Winter* and *R. Hill,* for appellants.

*V. Carter, F. M. Finch* and *J. A. Finch,* for appellee.

MITCHELL, J.—The policy of insurance upon which this action was predicated contained a stipulation to the effect that in case of damage by fire the assured should forthwith give notice to the company, and as soon thereafter as possible render a particular account of the loss under oath.

It was averred in the first paragraph of the complaint that the plaintiffs had performed all the terms and conditions of the policy to be performed by them on their part. It also appeared by the averments of the same paragraph that the loss occurred on the 24th day of August, 1884, and that the particular proof thereof, as required by the policy, was not furnished until December 12th, 1884, a period of three months and nineteen days after the fire.

From the well established principle that specific allegations of fact, in a pleading, control general averments, it must follow that the general averment that the plaintiffs had performed all the terms and conditions of the policy to be performed by them, must be construed in connection with the specific allegations contained in the complaint upon the subject of proof of loss.

The requirement that particular proof of loss should be made under oath as soon as possible, imposed upon the insured the duty of making such proof within a reasonable time and without unnecessary delay. *Provident L. Ins. Co.* v. *Baum,* 29 Ind 236 ; *Railway, etc., Co.* v. *Burwell,* 44 Ind. 460 ; Wood Fire Ins., section 414. Where there is no dispute as to the facts, whether the requirements of the policy as to time have been complied with, is a question of law for the court. *Insurance Co., etc.,* v. *Brim,* 111 Ind. 281 ; Wood Fire Ins., section 412.

An unexplained delay, such as is shown by the complaint to have occurred in the present case, is unreasonable, and is not a compliance with the condition of the policy. *Trask* v. *State, etc., Ins. Co.,* 29 Pa. St. 198; *Home Ins. Co.* v. *Lindsey,* 26 Ohio St. 348; *Patrick* v. *Farmers' Ins. Co.,* 43 N. H. 621; *Mellen* v. *Hamilton F. Ins. Co.,* 17 N. Y. 609.

In a complaint to recover upon a policy of fire insurance, it must affirmatively appear that all conditions precedent to a right of recovery have been complied with by the insured, or an excuse for non-performance, or a waiver of such conditions must appear, in order that the complaint may be held sufficient. The court committed no error in sustaining the demurrer to the first paragraph of the complaint.

The ruling of the court in holding the facts averred in the second paragraph of answer sufficient to constitute a defence is complained of. It was stated in the written part of the policy, exhibited with the complaint, that the building insured was " occupied as a hotel, with bar and billiard room attached," and the policy contained a printed stipulation to the effect, that any false representation or concealment concerning the use or occupation of the property should avoid the contract. It was averred in the answer that the assured represented that the building, mentioned in the policy, was used as a hotel at the time the contract was made, and that particular inquiry was made of the assured in respect to certain newspaper reports of disreputable dances and gatherings theretofore permitted in the vicinity of the building, and that the plaintiff represented that the dances and gatherings referred to had not been held in the building to which the insurance under negotiation applied. It is then averred that the building was not used as a hotel at the time the policy was issued, but that it was used by one Selking as a saloon, and that the disreputable dances and gatherings, referred to in the newspaper reports, particularly inquired of, were had in the building insured.

The statement that the building insured was " occupied as a hotel, with bar and billiard-room attached," inserted in the face of the policy, constituted an express warranty that the building was so occupied at the time the policy was issued, and the validity of the contract depended upon the truth of the stipulation. *Commonwealth's Ins. Co.* v. *Monninger*, 18 Ind. 352; *Wall* v. *East River Mut. Ins. Co.,* 7

N. Y. 370; *Alexander* v. *Germania F. Ins. Co.*, 66 N. Y. 464; *Goddard* v. *Monitor, etc., Ins. Co.*, 108 Mass. 56 (11 Am. Rep. 307) ; *Texas Banking, etc., Co.* v. *Stone*, 49 Texas, 4.

The phrase " occupied," etc., related to the character of the risk at the time the contract was made, and was in the nature of a condition precedent to the taking effect of the policy. If it was not so occupied, then the minds of the parties never met upon the subject-matter of the contract, and the policy did not. attach in the absence of any showing that the company or its agent had knowledge of the real occupancy of the property. *Insurance Co.* v. *Pyle*, 44 Ohio St. 19; *Burleigh* v. *Gebhard Fire Ins. Co.*, 90 N. Y. 220; 1 Wood Fire Ins., section 178.

Stipulations relating to the occupancy of the property, inserted in the face of the policy, are regarded as warranties concerning its occupancy and use at the time the contract is entered into. Unless the language employed clearly indicates that the stipulation is intended to constitute a continuing or promissory warranty, it will be confined to the occupancy of the property at the time of the inception of the contract. The policy having once attached, it will not be avoided on account of a change of occupancy unless the property is afterwards devoted to a use expressly forbidden or to one which increases the hazard in a material degree. *Blumer* v. *Phœnix Ins. Co.*, 48 Wis. 535 (33 Am. Rep. 830, and note); 11 Am. and Eng. Encyc. of Law, 290.

The facts stated constitute a sufficient answer without regard to the alleged misrepresentations made by the assured.

It follows from what has been said above that the court committed no error in instructing the jury that the stipulation above referred to written in the policy constituted a warranty that the building was occupied as a hotel, with bar and billiard-room attached, and for no other purpose, at the time the policy was issued. In our opinion *Hall* v. *People's Mut. Ins. Co.*, 6 Gray, 185, is not opposed to this conclusion.

The conclusion having been reached that the stipulation

inserted on the face of the policy, in relation to the occupancy of the building, constituted a warranty, it follows, in case it was not occupied as therein represented, that the contract of insurance never became effectual because the minds of the parties did not meet, and this would be equally so whether the insured did or did not know whether the occupancy of the property was different from that stated in the policy.

Other instructions relating to representations made by the plaintiff in respect to the disreputable uses permitted in the building were given. We do not regard that feature of the case as very material. The trial seems to have proceeded upon the theory that the second paragraph of answer presented two separate and independent defences, one resting upon a breach of the warranty contained in the policy in respect to the occupancy of the building; the other upon the ground that false representations had been made by the assured in relation to a matter particularly inquired about, material to the character of the risk. Both parties having tacitly treated the answer as presenting distinct defences, the instructions of the court, and its rulings in admitting evidence in support of that feature of the answer which related to false representations constituted no error of which the appellant can complain. The defence growing out of the breach of warranty was complete, and if the court imposed upon the insurance company the burden of making the additional defence, predicated upon false representations, the appellant was not injured.

We have considered all the questions presented and find no reversible error.

The judgment is affirmed, with costs.

Filed June 26, 1890.