The Germania Fire Insurance Company v. Deckard.

Filed Jan. 19, 1892.

———————◆———————

No. 405.

## THE GERMANIA FIRE INSURANCE COMPANY v. DECKARD.

FIRE INSURANCE.—*Action Upon Policy.—Notice of Loss.—Performance of Conditions.—Averments in Complaint as to.—Sufficiency of.*—In an action upon a policy of insurance which contained a provision that " Persons sustaining loss or damage by fire shall forthwith give notice of said loss to the company," the complaint stated that the plaintiff had " performed all of the conditions on his part to be performed, and on the 16th day of May, 1890, said house was totally destroyed by fire; that plaintiff immediately thereafter, on the —— day of June, 1890, notified the defendant of said loss," etc.

*Held,* that the general averment of performance in the complaint would so modify the specific averment as to the time when notice of loss was given, as to require the blank to be supplied by inserting the first instead of the last day of June.

*Held,* also, that it could not be said as a matter of law that notice of loss given fifteen days after the loss occurred was not given within a reasonable time.

*Held,* also, that the averment in the complaint as to the performance of conditions on the part of the insured, though preceding the statement of loss, was intended to apply to and qualify the conduct of the insured to the time of the commencement of the action, and must be so construed.

SAME.—*Foreign Insurance Companies.—Notice of Loss to.—Section 3770, R. S. 1881, Construed.*—Under section 3770, R. S. 1881, conditions inserted in insurance policies issued by foreign insurance companies requiring notice of loss to be given forthwith, or within less than five days, are null

The Germania Fire Insurance Company v. Deckard.

and void. The insured is required, however, to use reasonable diligence in giving notice of loss.

SAME.—*Fraud in Procurement of Contract.—Increase of Hazard.—Answer.*—Fraud and misrepresentations in the procurement of a contract, when pleaded as such, will not authorize its overthrow or rescission, unless they relate to and affect some material feature of the transaction. In insurance contracts, only that can be regarded as material which, from a business stand-point, may have influenced the insurer in undertaking the risk. An answer to a suit upon a policy of insurance is bad which avers that the building was not constructed as set forth in the policy, but which fails to aver that the hazard was increased thereby, or that the company would have refused the risk, or charged a higher premium for carrying it if it had known the truth.

SAME.—*Building Used for Specific Purpose.— Warranty in Policy as to.*—A statement in a policy of fire insurance that the building insured is used for a specific purpose amounts to a warranty that it was so used at the time the policy was issued, but it does not warrant the continuance of such use during the existence of the insurance.

SAME.—*Change of Use.—Increase of Hazard.—Agreement in Policy Concerning.—Promissory Warranty.—Fraud.—Instructions to Jury.*— The agreement in a policy that the assured shall not subsequently change the use of the building so as to increase the hazard is a promissory warranty, the substantial breach of which, either with or without actual fraud, will defeat the policy without regard to its being the cause of the loss. Whether a particular change will increase the hazard is a question of fact, to be submitted to the jury under proper instructions.

SAME.—*Destruction by Fire Caused by Riot.—Answer.—Demurrer.*—Where a policy of insurance provided that the insurance should not cover " any loss or damage by fire caused by, means of an invasion, insurrection, riot," etc., it was error to sustain a demurrer to a paragraph of answer setting up the defence that the building in question was destroyed by fire by means of a riot, the evidence showing that five masked men, in the night time, assembled and forcibly broke into the building. and compelled the occupants to vacate under threats of personal violence, and then burned down the building.

PLEADING.—*Instrument Filed with Complaint.—Not Necessary to File with Answer.*—Where an instrument is made the basis of an action, and is set out with the complaint, it is not necessary to set it out with an answer based upon any of its conditions or provisions.

From the Monroe Circuit Court.

*S. N. Chambers, S. O. Pickens, C. W. Moores* and *C. R. Worrall,* for appellant.

*R. A. Fulk, E. Corr* and *J. R. East,* for appellee.

CRUMPACKER, J.—This action was brought by John Deckard against the Germania Fire Insurance Company, upon a policy of fire insurance issued by the latter.

The complaint was in two paragraphs, to which a separate demurrer was filed and overruled.

The answer contained ten paragraphs, and a demurrer was sustained to the second, third, fourth, fifth, sixth, seventh and ninth, and overruled as to the others.

A jury trial was had and a special verdict returned, and motions by the defendant for a *venire de novo*, for judgment in its favor upon the verdict, and for a new trial were successively made and overruled, and judgment was awarded plaintiff upon the verdict.

The assignments of error properly present for review the several rulings of the trial court upon the demurrers and motions.

Counsel for appellant first insist that the first paragraph of complaint is not sufficient to withstand the demurrer.

The averments of this paragraph are substantially these : The plaintiff was the owner of a one-story, shingle-roof, box-frame dwelling-house, in Monroe county, Indiana, which was occupied by a tenant, and, in consideration of a premium of three dollars to it in hand paid, the defendant on the 2d day of November, 1889, by its policy of fire insurance, which was filed with and made part of the complaint, insured said dwelling-house against loss or damage by fire, in the sum of three hundred dollars, for the term of three years from said date; that the plaintiff " performed all of the conditions on his part to be performed, and on the 16th day of May, 1890, said house was totally destroyed by fire ; that plaintiff immediately thereafter, on the ―― day of June, 1890, notified the defendant of said loss, and more than ninety days before the bringing of this suit gave defendant due proofs of said loss."

It was further alleged that plaintiff was the owner of the house at the time it was destroyed, and it was of the value

of three hundred dollars, and that the amount of the policy was due and unpaid.

Among other provisions, the policy contained the following: "Persons sustaining loss or damage by fire shall forthwith give notice of said loss to the company."

The point is raised against this paragraph of complaint that it does not show a compliance with the above provision of the policy.

It was incumbent upon the holder of the policy to allege and prove a performance of all the conditions precedent to his right to recover, or show a waiver or other sufficient excuse for their non-performance.

Section 3770, R. S. 1881, makes conditions inserted in insurance policies issued by foreign insurance companies, requiring notice of loss to be given forthwith, or within less than five days, null and void. The effect of this section, as construed by the Supreme Court in the case of *Insurance Co. of North America* v. *Brim*, 111 Ind. 281, is to render provisions for notice forthwith, or within less than five days, conclusively unreasonable, but to require the insured to use reasonable diligence in giving notice of loss.

An elementary rule of pleading requires that averments shall be most strongly construed against the pleader, and under the influence of this rule, in the absence of other controlling allegations, the blank date should be supplied by constructively inserting the last day of the month.

A general averment of the performance of all conditions upon the part of the insured, required by the terms of the contract, is ordinarily sufficient.

This averment is in the complaint under consideration, but it precedes the allegations of loss, and counsel insist that it qualifies only the antecedent averments, and is therefore of no value as showing a performance of conditions required after the loss.

It was the evident intention of the pleader that it should apply to and qualify his conduct to the time of the commence-

ment of the action, and, notwithstanding its dislocation, we are inclined to give it that construction. Another elementary rule of pleading requires that specific averments shall control general ones, but this is applicable only where there is a necessary conflict between them. If the date of giving notice had been supplied by the pleader, it would determine the sufficiency of the complaint upon this question, notwithstanding the general averment of the performance of conditions. *Baker* v. *German Fire Ins. Co.*, 124 Ind. 490.

But we do not think the rule can be carried to the extent that specific averments like the one under consideration may be enlarged by construction so that they shall control and render nugatory general averments which would otherwise be sufficient.

Pleadings should be construed in such a manner as to reconcile and harmonize the various allegations, where it can be done without doing violence to the laws of language, and, under the operation of this principle, the general averment of performance would so modify the specific averment in the complaint under consideration as to require the blank to be supplied by inserting the first day of the month, if this will make the complaint good.

Under this construction it would appear that notice of loss was given fifteen days after it occurred, and in the presence of the averment that it was given forthwith, and of the performance of conditions we can not say, as a matter of law, that it was not within a reasonable time. The complaint seems to have been very carelessly prepared, but we are inclined to hold it good.

The next alleged error relied upon for a reversal of the judgment relates to the decision of the court in sustaining the demurrer to the seventh paragraph of answer. This paragraph alleged that the insured building was described in the policy as a " one-story, shingle-roof, box and frame building, meaning that said building was one story high, and was covered with shingles, and was constructed in box-shape;

that is, planks nailed upon a wooden frame, said planks standing endwise up and down said building;" that the insured stated and represented such facts to be true, and the company relied upon such statements and representations and was induced thereby to assume the risk; that said statements and representations were false and made to deceive the company, and to fraudulently procure the insurance; that said building was not as represented, but was " constructed of logs cut and laid one upon another, having but a slight box-frame addition thereto," and it was covered with " clap-boards" instead of shingles.

It was also alleged that the policy contained a provision making the insurance void for any fraud, false representation or concealment of facts by the assured relative to the condition, situation, use or occupancy of the building.

There is an attempt in this paragraph to enlarge the meaning of the descriptive terms of the policy by averment, and to make this enlarged meaning the basis of a defence. This is unauthorized by the universal law of contracts and pleadings. The parties are bound by the ordinary and natural import and meaning of the language employed in the contract, and, if it is susceptible of two constructions, that which is the most favorable to the assured shall prevail. *Rogers* v. *Phenix Ins. Co.*, 121 Ind. 570; *Wallace* v. *German Am. Ins. Co.*, 41 Fed. Rep. 742.

Then this answer clearly proceeds upon the theory of false representations and concealment of facts which induced the company to assume the risk.

Fraud and misrepresentations in the procurement of a contract, when pleaded as such, will not authorize its overthrow or rescission unless they relate to and affect some material feature of the transaction. In insurance contracts, only that can be regarded as material which, from a business standpoint, may have influenced the insurer in undertaking the risk.

There is nothing in this answer to show that the hazard

The Germania Fire Insurance Company *v.* Deckard.

was increased a farthing on account of the alleged misrepresentations, or that the company would have refused it or charged a higher premium for carrying it if it had known the truth.

What the result would have been if the facts set out in the answer under consideration had been made the basis of a defence, on the ground of a breach of warranty, it is unnecessary to say. There was no error in sustaining the demurrer to it, as it stood.

The policy provided that the insurance should be void should there be any " increase of hazard by change of use, or occupancy, vacancy, or non-occupancy," unless specially agreed to by the company in writing.

The ninth paragraph of answer alleged that the building was insured as a dwelling-house only, and after the execution of the policy, without the knowledge or consent of the company, the use of the building was changed by the insured, "in this, that said building was not used for a dwelling only, but was used and occupied as a saloon; that wines, malt liquors, whiskey, manufactured tobacco and cigars were kept therein for sale, and were therein sold to the citizens of said vicinity," whereby the hazard assumed under the contract was increased, and the policy became void.

We learn from briefs of counsel that the trial court held this paragraph of answer bad, upon the ground that the breach of a condition subsequent to the execution of the policy, in the absence of fraud, would not defeat it, and upon the further ground that the change of use described did not increase the hazard upon the authority of *Behler* v. *German, etc., Ins. Co.*, 68 Ind. 347.

A statement in a policy of fire insurance that the building insured is used for a specific purpose amounts to a warranty that it was so used at the time the policy was issued, but it does not warrant the continuance of such use during the existence of the insurance. *Baker* v. *German Fire Ins. Co., supra; Herrick* v. *Union, etc., Ins. Co.*, 48 Maine, 558;

*Cumberland Valley, etc., Ins. Co.* v. *Douglass,* 58 Pa. St. 419 ; *Wynne* v. *Globe Ins. Co.,* 71 N. C. 121 ; *Rafferty* v. *New Brunswick, etc., Ins. Co.,* 18 N. J. L. 480.

Warranties are classified as affirmative and promissory or continuing. An affirmative warranty is an agreement that the validity of the contract shall depend upon the exact and literal truth and fulfilment of the things agreed upon as existing at the time it is made. A promissory warranty in insurance contracts is an agreement upon the part of the assured that he will do, or refrain from doing, certain specified things after the policy has been issued. May Insurance, section 157 ; Lawson Rights and Rem., section 2051.

In the case under consideration the agreement in the policy that the assured should not subsequently change the use of the building so as to increase the hazard was a promissory warranty, the substantial breach of which, either with or without *actual* fraud, would defeat the policy without regard to its being the cause of the loss. *Rogers* v. *Phenix Ins. Co., supra ; Continental Ins. Co.* v. *Kyle,* 124 Ind. 132 ; *Howell* v. *Baltimore, etc., Soc.,* 16 Md. 377 ; *Williams* v. *People's, etc., Ins. Co.,* 57 N. Y. 274 ; *Mead* v. *Northwestern Ins. Co.,* 3 Seld. 530 ; *Mack* v. *Rochester, etc., Ins. Co.,* 106 N. Y. 560 ; *Western Assurance Co.* v. *McPike,* 62 Miss. 740 ; *Trustees, etc.,* v. *Williamson,* 26 Pa. St. 196 ; *Luce* v. *Dorchester, etc., Ins. Co.,* 105 Mass. 297 ; *Blumer* v. *Phœnix Ins. Co.,* 45 Wis. 622.

A violation of continuing representations, perhaps, will not defeat a policy of insurance unless material and accompanied with actual fraud. May Insurance, section 182 ; Lawson Rights and Rem., section 2055.

But we know of no instance in which this doctrine has been applied to continuing warranties.

The force and validity of a warranty against a subsequent change of the use of property insured, increasing the risk, is unquestioned.

Whether a particular change will increase the hazard is a

The Germania Fire Insurance Company v. Deckard.

question of fact, to be submitted to the jury under proper instructions. *North British, etc., Ins. Co.* v. *Steiger,* 124 Ill. 81; *Russell* v. *Cedar Rapids, etc., Ins. Co.,* 71 Iowa, 69; *Smith* v. *Mechanics', etc., Ins. Co.,* 32 N. Y. 399; *Williams* v. *People's, etc., Ins. Co., supra; Griswold* v. *American, etc., Ins. Co.,* 70 Mo. 654; *Washington, etc., Ins. Co.* v. *Merchants', etc., Ins. Co.,* 5 Ohio St. 450; *Peck* v. *Phenix, etc., Ins. Co.,* 45 U. C. Q. B. 620.

In the case of *Behler* v. *German, etc., Ins. Co., supra,* it was said : " We can not perceive how the use of the building for prostitution would be more likely to endanger it to fire than if it were used for the accommodation of guests as a hotel ; nor how the illegal sale of intoxicating liquors was any more dangerous to the building than if they had been sold legally under a license ; nor, indeed, how the sale of intoxicating liquors within the building would endanger it at all," and this is confidently relied upon by appellee in support of the decision of the trial court. In that case the policy contained no provision making it void if the use should be changed to increase the hazard. The only provision with respect to change of use or occupancy was that the building should not be used for any illegal purposes, and the only penalty for a violation of the restriction was the following :

" If the buildings previously insured are appropriated to such use during the time of insurance, the agent must either insist upon the removal of the danger or cancellation of the policy." The answer alleged that the use of the building had been changed to illegal purposes, specifying them. The question of the increase of hazard was not before the court because it was not in the contract, and that part of the opinion above quoted was not necessary to the decision of the questions involved in the case. Furthermore that part of the case was impliedly overruled by the case of *Indiana Ins. Co.* v. *Brehm,* 88 Ind. 578, wherein the court said :

"The conversion of an ordinary sleeping apartment into a house of assignation and prostitution, kept in a disorderly manner, evidently constitutes a material change in the nature and character of the occupation of the house, and ought, in a proper case, to be so held when pleaded and proven."

It was unnecessary to set out the policy with the answer. When an instrument is made the basis of an action, and is set out with the complaint, it is not necessary to set it out with an answer based upon any of its conditions or provisions. *Grubbs* v. *Morris*, 103 Ind. 166.

The demurrer to the ninth paragraph of answer ought to have been overruled. By the terms of the policy it was agreed that the insurance should not cover "any loss or damage by fire caused by means of an invasion, insurrection, riot, civil commotion or military or usurped power." One paragraph of answer set up the defense that the building in question was destroyed by fire by means of a riot. The finding of the jury upon this issue is contained in paragraphs seven and eight of the verdict, which are as follows:

"7th. That said building was, on the night of the 16th day of May, 1890, by three or more men, in a forcible manner, broken into and afterwards burned.

"8th. That on the night of the 16th of May, 1890, five men, with their faces disguised, came together at said building, and with a fence rail forcibly broke open the door of the building, and three of them entered and told the tenant therein to get out of bed and out of the house, under threats that if he did not they would roast him, saying, 'we are going to burn the house.' They led said tenant away from the building."

No question is raised challenging the validity of that part of the contract under consideration, nor, indeed, can we perceive upon what grounds it could be successfully challenged. *Barton* v. *Home Ins. Co.*, 42 Mo. 156; *Lycoming, etc., Ins. Co.* v. *Schwenk*, 95 Pa. St. 89; *Dupin* v. *Mutual Ins. Co.*, 5

La. 482; May Ins., section 403; 7 Am. & Eng. Encyc. of Law, p. 1042.

It is argued, however, that the verdict does not show that the house was burned by the rioters. We think it fairly appears that it was so burned. The seventh paragraph of the verdict states that the house was broken into forcibly and afterwards burned by three or more men on the night of the 16th of May, 1890.

The eighth paragraph contains a more elaborate description of the men and their assembling and unlawful conduct.

Where five masked men, in the night time, assemble and forcibly break into a dwelling-house and compel the occupant to vacate under threats of personal violence, and then burn down the building, it constitutes a riot within the legal definition of that term. Section 1981, R. S. 1881; *State* v. *Acra*, 2 Ind. App. 384

The court erred in awarding appellee judgment upon the verdict.

The judgment is reversed, at appellee's costs, with instructions to overrule the demurrer to the ninth paragraph of answer.

Filed Oct. 13, 1891; petition for a rehearing overruled Jan. 9, 1892.