Germania Fire Insurance Co. *v.* Stewart *et al.*

Filed November 26, 1895.

No. 1.494.

GERMANIA FIRE INSURANCE CO. *v.* STEWART ET AL.

INSURANCE.—*Increasing Hazard.—Forfeiture.*—Before there can be forfeiture of the policy for a violation of a condition providing against any increase in the hazard by means within the control or knowledge of the insured, it must appear that the insured was guilty of some act or acts reasonably calculated to increase the risk, and that actually did increase it.

SAME.—*Answer of Increase of Risk.—How Pleaded.—Materiality.—Forfeiture.*—The question whether or not certain acts of the insured, as a change of use or occupation, will increase the risk or not, is ordinarily for the jury exclusively; but before the question can be submitted to the jury, it must appear from the pleading that the plaintiff did something by which the risk was enhanced, and the act must be specifically stated, it not being sufficient simply to aver that the hazard was increased, without showing the means by which it was done; nor can there be a forfeiture unless the act or change made was material to the risk.

SAME.—*Increased Risk.—Intention or Purpose to Remove Property.*—If the insured, previous to the time the property was burned, changed his purpose and intention with respect to the property, and determined to remove the same from the place where it was situated, it cannot be material to the risk, so long as such intention or purpose is not carried out.

Germania Fire Insurance Co. *v.* Stewart *et al.*

SAME.—*Increased Risk.*—*Pleading.*—*Question of Law.*—The court has a right to determine, as a matter of law, whether the facts pleaded show that there was any increase of the risk within the scope and contemplation of the contract.

SAME.—*Incumbrance.*—*Forfeiture.*—*Defense.*—Placing an incumbrance on insured property will not be a good defense in answer of forfeiture of the policy, where there is no averment in the pleading that the policy contained an express condition that it would be void in case a mortgage or other lien should be placed upon it, nor where it does not appear from any application filed with the pleadings, or from the policy itself, that the insured answered any question or questions concerning any lien or incumbrance, or that he made any verbal representations concerning the same, or concealed any fact in connection therewith.

SAME.—*Policy.*—*Conditions Not Extended.*—A condition in a policy will not be extended so as to cover matters not clearly and unmistakably within the meaning of the condition, according to the usual and ordinary meaning of the words.

SAME.—*Waiver of Written Notice of Loss.*—Even though written notice is provided for in the contract of insurance, if the company has verbal notice of the loss, through its agent, and acts upon the same, the requirement for written notice is waived.

PLEADING.—*Practice.*—*Sustaining Demurrer to Paragraph of Answer.*—*Defense.*—It is not error to sustain a demurrer to a paragraph of answer where the defense set up therein may be proven under another paragraph pleaded.

EXCEPTIONS.—*Taken Collectively.*—*Conclusions of Law.*—An exception taken jointly to conclusions of law does not test the correctness of each conclusion.

EVIDENCE.—*Harmless Error.*—Admission of incompetent evidence will not work a reversal, where it does not appear to have been harmful to the opposing party.

From the Blackford Circuit Court.

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*J. Cantwell, S. W. Cantwell* and *C. F. Coffin,* for appellees.

REINHARD, C. J.—The appellees, Stewart and White, sued the appellant on a policy of fire insurance, executed by it on a certain building. The appellant answered in

five paragraphs. Demurrrers were filed separately to the second, third, fourth and fifth paragraphs. These were overruled as to the second and third paragraphs, and sustained as to the fourth and fifth. The cause was tried by the court, and upon the request of the appellant a special finding of facts was rendered, together with a statement of conclusions of law thereon, and on these the court rendered judgment in favor of the appellees, for the amount of the insurance covered by the policy.

We will notice such errors only as have been discussed by counsel.

The second assignment of errors calls in question the correctness of the ruling of the court in sustaining the demurrer to the fourth paragraph of answer. The fourth paragraph is based upon the following provision of the policy: "This entire policy, unless otherwise provided by agreement, indorsed hereon, or added hereto, shall be void, if the hazard be increased by means within the control or knowledge of the insured." It is averred in this paragraph that at the time of the execution of the contract of insurance, "the said building was permanently located upon the real estate upon which it was situated, and occupied by good and respectable tenants, and there was no other intention or purpose upon the part of the plaintiffs than that the same should be permanently so occupied and used, or at least if there was any other purpose at the time of the execution of this contract, such purpose and intention was concealed from the defendant and its agent; but the defendant avers that during the lifetime of said policy, and a short while before the same was burned, as alleged in the complaint, the plaintiff changed their purpose and their intention with respect to said property, and determined to remove the same from the place where it was situated, or to sell the same for the purpose of removal to some

other person, to the end that they might put more valuable improvements upon the real estate upon which said buildings were located, the buildings thereon being old and decayed, and unfit for use, and the real estate upon which the said buildings were located being valuable, they were inadequate for the best returns to its owners; that in pursuance of said change of purpose, and intentions, the plaintiffs gave notice to their several tenants occupying said building to quit said premises on or before the 1st day of May, 1893, and negotiated and contracted with said certain parties to have said building removed from the place where it was then located to some other place or piece of real estate than that upon which they were at the time located ; that in pursuance of said notice to quit, at least one of the tenants had quit the same, and so much of said building as had been occupied by him was vacant at the time the property was burned ; that one other tenant had removed a large portion of his furniture from said building, and had agreed to turn over to the plaintiffs their own furniture, which he was then using, to the plaintiffs, and said plaintiffs had advertised said furniture for sale, preparatory to the removal of said building from the premises whereon the same was located ; that the purpose, intention and conduct of the plaintiffs were public and well known in the community and vicinity where the property was located, and that by reason of all the facts above set forth, the value of said buildings was greatly reduced, and, in fact and effect, was rendered of no value whatever, and by reason of the facts above set forth "the hazard of insurance upon said property was greatly increased, and the interest, title and possession of plaintiffs in said property so insured was greatly changed, not on account of the change of occupants merely, but because of the change of the purpose and intention of the

plaintiffs with respect to said property as above set forth, whereby the hazard of insuring said property was greatly increased by means entirely within the control and knowledge of plaintiffs, of which facts as above set forth, the defendant had no knowledge or notice, and gave no consent thereto, as stipulated for in said policy. Wherefore defendant says said entire policy of insurance was rendered absolutely void, and the defendant asks judgment for its costs."

As we have seen, the pleading is based upon that clause in the policy which provides against any increase in the hazard by means within the control or knowledge of the insured. Before there can be a forfeiture of the policy for a violation of this condition, it must appear that the appellees were guilty of some act or acts reasonably calculated to increase the risk, and that actually did increase it. Ordinarily it is true, the question whether certain acts of the assured, as a change of use or occupation, will increase the risk or not, is one for the jury exclusively. *Ætna Ins. Co.* v. *Norman* (Ind. App.), 40 N. E. Rep. 1116 ; *Germania Fire Ins. Co.* v. *Deckard*, 3 Ind. App. 361 ; Wood Fire Ins., section 243. But before the question can be submitted to the jury, it must appear from the pleading that the plaintiff did something by which the risk was enhanced, and the act must be specifically stated. It is not sufficient simply to aver that the hazard was increased without showing the means by which it was done, nor can there be a forfeiture unless the act or change made was material to the risk as the provision is not applicable to immaterial changes that do not produce such a result. Wood Fire Ins., section 245.

It will be noticed that the introductory averments in the paragraph under consideration have reference merely to the condition and location of the property at the time

the insurance was effected. The statement that "there was no other intention or purpose upon the part of the plaintiffs than that the same should be permanently so occupied and used," etc., is entirely foreign to the material averments of this pleading, as well as to the contents of the policy itself, for what the intention of the parties was must be gathered from the language of the contract between them, and does not depend upon the mere understanding of one of the parties. Whether the appellees, a short time before the property was burned, "changed their purpose and their intention with respect to said property, and determined to remove the same from the place where it was situated," etc., can certainly not be material to the risk, so long as such purpose or intention was not carried out, and hence the averment of such purpose, unconnected with any allegation that the same was actually carried out, is insufficient to show a violation of the clause referred to. Nor do the remaining averments show that anything within the control of appellees was done which could have increased the hazard.

We think that the court had a right to say as a matter of law that the facts pleaded do not show that there was any increase of the risk within the scope and contemplation of the contract. The demurrer was therefore properly sustained.

The sustaining of the demurrer to the fifth paragraph of answer is the next error assigned. In this paragraph it is averred that among other conditions of the policy of insurance sued upon, it is provided that "this entire policy unless otherwise provided by agreement, indorsed hereon or added hereto, shall be void if any change other than by the death of the insured take place in the interest, title or possession of the subject of insurance, except change of occupants, without increase of hazard,

whether by legal process or judgment, or by voluntary act of the insured, or otherwise."

It is averred that the interest of the plaintiffs in said property was changed by their voluntary act, as follows: "That after the date of the execution of said contract of insurance, and while the same was in force, the plaintiffs mortgaged the property so insured by conveying the same to Absalom T. Byall and Aaron Blackford, to secure to the mortgagees a debt of three thousand dollars, and the plaintiffs also, after the date of the execution of said mortgage, permitted a judgment to be taken against them in the Blackford Circuit Court in the sum of two hundred dollars, which judgment and incumbrance on said property became and remain a subsisting lien and incumbrance upon said property after the date of the execution of said contract of insurance which said mortgage and said judgment remained a subsisting and existing lien and incumbrance upon the property insured up to and at the date of the burning of the property, as appeared in the first paragraph of plaintiffs' complaint, of all of which the defendant had no notice or knowledge, and knowledge of which was by the plaintiffs concealed from the defendant and its agents. And the defendant avers that a further change in the interest of the plaintiff in said property was had during the existence of said contract of insurance, in this, to-wit: That the said plaintiffs after the execution of said contract of insurance, and before the property therein insured was burned, as averred in said first paragraph of complaint, determined and agreed to remove the buildings from the place where the same were located to another and distant point, and in pursuance of said agreement and determination, sold the said buildings at and for a consideration, the amount of which is unknown to this defendant, which was a valuable consideration ; that by such determination and

agreement between themselves, and such sale of said property, all interest and title to said property was divested from the plaintiffs, and the said buildings so insured became the property of the said purchaser, who was, under the said contract of sale, entitled to the possession of the same, on or about the first day of May, 1893, at which time the said purchaser was to take possession of and remove the said building from the ground upon which the said buildings were located at the time the contract of insurance was entered into." Wherefore defendant says that by reason of such change in the interest of the property, and by virtue of the execution of said mortgage, and the taking of said judgment, and the sale of said property by said plaintiffs, this entire policy has become void.

It appears from this pleading that the appellant bases his assertion of a change of interest in the property upon two propositions, viz: (1.) The execution of a mortgage and incumbering of the property by this, and a judgment lien, and (2) the sale of the property and vesting of the title thereof in the purchaser.

It will be noted that there is no averment in the pleading under consideration that the policy contained an express condition that it should be void in case a mortgage or other lien or incumbrance should be placed upon it, nor does it appear from any application filed with the pleadings, or from the policy itself, that the insured answered any question or questions concerning any lien or incumbrance, or that he made any verbal representations concerning the same, or concealed any fact in connection therewith. The question, therefore, reduces itself to this: Was the condition that a change of interest should avoid the policy violated by the act of the insured in placing upon it the incumbrance named in this paragraph of the answer? We do not hesitate to

say that this question must be answered in the negative. Forfeitures are not favored in law, and the contract of insurance will be strictly construed in favor of the insured. No condition will be extended so as to .cover matters not clearly and unmistakably within the meaning of the condition according to the usual and ordinary meaning of the words used. Wood Fire Ins., section 249 ; *Germania Fire Ins. Co.* v. *Deckard,* 3 Ind. App. 361.

Had the company intended to provide against incumbrances, nothing would have been easier than the insertion of such a clause in the contract by clear and unmistakable language. That this was not done, is the best of evidence, to our minds, that it was not the intention of the parties that the policy would be violated by an incumbrance without permission. Certainly, the language relied upon falls far short of such a provision. *Wooddy* v. *Old Dominion Ins. Co.,* 31 Gratt. (Va.), 362 ; Wood Fire Ins., section 194. The case cited was a suit on an insurance policy, containing a provision that "Any interest in property insured, not absolute, or that is less than a perfect title, or if a building is insured that is on leased ground, the same shall be specifically represented to the company and expressed in this policy in writing, otherwise the insurance shall be void." It appeared that at the time the insurance was contracted for, the insured had a fee simple estate conveyed by deed, in which a lien was reserved for a portion of the purchase money. The lien was not known to the company, and it was contended that the failure of the insured to disclose it vitiated the policy. It was held that the condition had reference to the quantity of the interest or estate, which was measured by its duration ; or, if not, the words used could not have been intended to guard against mere incumbrances. In the course of

the opinion it was said: "The first part of this condition, 'any interest in property insured, not absolute,' has been judicially construed in other cases as referring to the character or *quality* of the estate. The term 'absolute,' in such a condition, has been held to be synonymous with *vested,* and used in contradistinction to *contingent* or *conditional. Hough* v. *City Fire Ins. Co.,* 29 Conn. 10. And so, as it seems to me, the words 'or (interest) less than a perfect title,' in the connection in which they are used, should be construed as referring to the *quantity* of the interest or estate which is measured by its duration. The word 'less' is a term denoting quantity; an estate or interest 'less than a perfect title' may therefore mean one that is limited in its extent and duration—as an estate for life, for years, or at will—'less' than an estate in fee simple, or than one of unlimited duration. If this be not the true construction, I am still of opinion that under no proper construction can these words be taken to have been intended to guard against mere incumbrances. If such had been the intention, language more appropriate for the purpose would have been employed, as we find in policies where disclosure of incumbrances is required. In such the requirement is generally plainly expressed. The mere failure, therefore, of the appellant to make known the existence of the lien which appeared on the face of the deed (the policy not requiring such disclosure, and no inquiries being made) did not vitiate the insurance, there being no fraudulent intent; and no such intent is to be inferred from the evidence."

As to the other alleged violation, viz.: the sale of the property and change of title, it is not averred that any deed or written contract was executed, and the building being a part of the realty, it is doubtful whether the allegations amount to an averment of a sale. Conceding,

however, that a change of title is sufficiently averred, it does not follow that the appellant was harmed by the sustaining of the demurrer. The appellees aver in the complaint that they were the owners of the property burned. This was a part of their case, and before they could recover of the appellant, they were required to prove such ownership at the time of the fire. Any evidence tending to negative the appellee's proof of ownership was proper to be introduced by the appellant under its general denial. Where a defense is set out in one paragraph which might have been available in another, a demurrer to such paragraph is properly sustained. *Wohlford* v. *Citizens' B'ld'g and Loan Ass'n*, 140 Ind. 662. The court committed no error in its ruling upon the fifth paragraph of answer.

The next assignment of error discussed by appellant's counsel is that the court erred in the conclusions of law stated on the special finding of facts. The exception taken to the conclusion is in these words: "To which conclusions of law the defendant at the time excepted." This exception does not test the sufficiency of each conclusion separately, if any one of them is sufficient. Judge Elliott, in his work on Appellate Procedure, says: "It is now well settled that the proper mode of questioning the correctness of the conclusions of law stated by the court upon a special finding of facts, is by excepting, at the time, to each of the conclusions." Elliott App. Proced., page 793.

We have examined the conclusions of law stated by the court, and are of opinion that not all, if any of them, are subject to the objection urged by appellant's learned counsel.

The overruling of its motion for a new trial is the last error assigned and discussed by appellant. Under this assignment, the sufficiency of the evidence to sustain the

findings is challenged. We have examined the evidence and think it fairly tends to support the findings.

The eleventh finding of fact is that the plaintiffs have in all things complied with and performed all the terms and conditions of the policy upon their part to be performed. It is contended in this connection that the evidence fails to show that the appellees gave such notice of the loss as the policy required, and that the above finding was contrary to the evidence. The appellee Stewart testified that on the Monday or Tuesday following the fire he and the appellee White talked with the agent of the appellant, one William Spence, about the fire, that he told Mr. Spence that he and his partner White had a fire loss in said agent's company; that Spence replied he had already notified the company of the loss and was looking for the adjuster any day. He further testified that the adjuster did come to see the appellees during that same week, or a day or two after this conversation, and viewed the burned premises, and talked about adjusting the loss. It was also shown that on the 17th day of June, 1893, the appellees made out, signed and verified a certain "proof of loss" concerning said burned property and mailed the same, properly stamped and directed, to the appellant, accompanied by a letter in which the appellees urged the appellant to adjust the claim at once and avoid litigation. The appellee White also testified to the conversation Stewart had with such agent Spence, and stated that Spence said he had notified the company of the loss and was looking for the adjuster at any time. It seems that the reason the loss was not adjusted was because the adjuster and the appellees could not agree as to the amount.

We do not think that it is within the power of the appellant to question the validity of the notice of the fire. If the appellant received notice through its agent

and sent its adjuster to make a settlement of the loss, the sole purpose of the notice provided for in the policy had been accomplished. Although a written notice may have been provided for in the contract of insurance, if the company has verbal notice of the loss through its agent and acts upon the same, the requirement for written notice is waived. *Springfield Engine, etc., Co.* v. *Kennedy,* 7 Ind. App. 502; *North British, etc., Ins. Co.* v. *Crutchfield,* 108 Ind. 518. The notice to the agent was sufficient notice to the company. *Phœnix Mutual Life Ins. Co.* v. *Hinesley,* 75 Ind 1. We think the evidence tended to show that the company received notice, but if it had not, it waived the same by sending its adjuster.

It is also urged that the proofs of loss shown to have been furnished the company did not comply with the requirements of the policy. There is evidence to show that the company received the proofs sent and retained the same without objection, refusing to pay the loss upon other grounds. If it did so, strict performance of the conditions as to the proof of loss will be deemed waived. *American Cent. Ins. Co.* v. *Sweetser,* 116 Ind. 370; *Norwich Union Fire Ins. Soc.* v. *Girton,* 124 Ind. 217.

The foregoing are all the particulars pointed out by appellant's counsel in which they claim a failure of proof. We do not think they have made good their contention.

Some objection is urged to the ruling of the trial court in admitting certain testimony. This testimony relates to the conversation had by the appellees with the appellant's alleged agent, Spence. It is contended by appellant's counsel that Spence was only a local agent of the company at Hartford City, and that therefore his statements concerning the notice of the loss given to

him by the appellees were not binding on the company. If appellant's counsel are correct in this, it does not follow that any reversible error was committed.   As we have already shown, if the company acted upon the notice, by endeavoring to adjust the loss, it thereby waived such requirement, and the evidence, if technically incompetent, could not have been harmful to the appellant.   But it does not appear from the undisputed evidence that Spence was a local agent with limited authority, as contended.   On the contrary, there is evidence tending to show that he was the general agent, and one who had authority to make contracts of insurance.   The company was therefore bound by anything said or done by him in reference to such contract.   *Kerlin* v. *National Accident Assn.*, 8 Ind. App. 628.

We have examined and disposed of all the questions presented by appellant's learned counsel, and have not been able to discover any reversible error in the rulings complained of.

Judgment affirmed.

Filed November 26, 1895.