THE HANOVER FIRE INSURANCE COMPANY *v.* JOHNSON.

[No. 2,917. Filed May 8, 1900. Rehearing denied Jan. 22, 1901.]

APPEAL AND ERROR.—*Brief.—Objection Waived.*—Where appellee failed to file a brief within the time allowed by the rules of this court, and for more than a year after submission, objections to the assignment of errors raised in a brief then filed are not entitled to consideration, and the assignment of errors will be treated as sufficient unless it is so defective that without any suggestion by counsel this court would hold that it failed to present any question. *pp. 123, 124.*

SAME.—*Assignment of Errors.— Amendment.—Motion.*—A motion for leave to amend the assignment of errors must show a reason for failing to make the correction before the cause was submitted. *p. 124.*

PLEADING.—*Performance of Condition.—General Allegation.*—Under §373 Burns 1894, §370 Horner 1897, the allegation in a complaint on a fire insurance policy that the insured "duly kept and performed all the conditions and requirements imposed upon her to be kept and performed by said policy" sufficiently shows the giving of notice and the performance of all the conditions precedent to the right of the insured to recover on such policy. *pp. 124-127.*

SAME.—*Specific Allegations.—Controlling Effect.*—A general allegation of the performance of a condition precedent in a contract will only be overcome by the specific allegations of the complaint when they are necessarily inconsistent with such general allegation and show affirmatively that the condition was not performed. *p. 126.*

Hanover Fire Ins. Co. v. Johnson.

PLEADING.—*Theory.*—Where the complaint clearly proceeds upon one theory the plaintiff cannot recover upon another theory not outlined therein. *p. 128.*

SAME.—*Theory.*—*Proof.*—Where the assignee of an insurance policy by his complaint proceeded upon the theory that the liability under the policy had become a fixed and definite liability to the insured at the time of the assignment, and that the whole interest of the insured together with her right to sue therefor was transferred to the plaintiff by virtue of the assignment alone, he could only recover by proof that the right of the assured to recover was perfected and transferred to him. *pp. 127, 128.*

SAME.—*Alleging Performance.*—*Proof of Waiver.*—One who merely alleges the full performance of all conditions of the contract sued on must prove that each condition was actually performed or he cannot recover. Evidence of a failure to perform and an excuse therefor will only support a recovery when such failure and excuse have been properly pleaded. *pp. 129, 130.*

SAME.—*Recovery Limited to Allegation.*—A plaintiff who brought suit on an insurance policy as assignee of the owner of the property burned and did not by his complaint suggest a claim in any other capacity cannot recover as the equitable owner of the rights under the policy of a mortgagee whose mortgage he has paid. *pp. 130, 131.*

From the Delaware Circuit Court. *Reversed.*

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*J. W. Ryan* and *W. A. Thompson,* for appellee.

BLACK, J.—Counsel for the appellee in their brief have suggested that the assignment of errors is insufficient. The appeal was taken in term, and, within the required time after the filing of the appeal bond, the transcript was filed in the office of the clerk of this court, on the 29th of August, 1898. The cause was submitted under the rule, September 28, 1898, and on the 5th of November, 1898, the appellant's brief was filed. By rule twenty-one of this court the appellee is required to file a brief upon the assignment of errors made by the appellant within ninety days after the submission of the cause. The appellee failed to comply with this rule, and the clerk, on the 10th of August, 1899, pursuant to rule thirty-two, gave notice to the appellee, to enforce

the return of the papers. On the 2nd of October, 1899, more than a year after the submission, the appellee filed his brief, in which he criticises the assignment of errors. Manifestly, the appellee by delay forfeited all right to consideration of such a matter on his behalf, and unless we find the assignment so defective that, without any suggestion on the part of the appellee, it should be deemed by us so wanting in substance as not to present any question, we must treat it as a sufficient assignment. We find the assignment somewhat lacking in proper formality, but its meaning can not be mistaken, and it can not be regarded as so defective that upon our own motion it would be treated as insufficient. It is therefore not necessary to set out the assignment, or to treat the matter as a question properly raised for decision. A motion filed by the appellant to amend the assignment and make it more definite in form is insufficient, because of failure to show any reason for neglect to make the correction before submission; but we will treat the proposed amendment as unnecessary.

The action was based upon a policy of fire insurance issued by the appellant, the Hanover Fire Insurance Company of the city of New York, to Annie Wiley, owner of the insured property, and by her assigned to the appellee after the destruction of the property by fire. The complaint was in two paragraphs, but before trial the action was dismissed as to the first paragraph. A demurrer to the second paragraph for want of sufficient facts was overruled. It is claimed in argument that this ruling was erroneous "for the reason that there is no averment in the complaint of the performance of conditions subsequent, as set out in the policy, by the holder of the policy, and no averment of denial of liability by the defendant company to the holder of the policy and owner of the policy at the time of the fire." And reference is made by counsel to a provision of the policy that "if fire occur, the insured shall give immediate notice of any loss thereby in writing to" the insur-

ance company, and that within sixty days after the fire, unless the time should be extended in writing by the company, the insured should render to the company proof of loss, etc.

The destruction of the building by fire was alleged to have occurred on the 24th of January, 1897. In the second paragraph of complaint it was shown that the insured "duly kept and performed all the conditions and requirements imposed upon her to be kept and performed by said policy." There were also averments that, immediately after the destruction of the building, the insured and the appellee notified the appellant of the "destruction of said dwelling-house by fire and of said loss, to wit, on the — day of January, 1897; that thereupon, immediately after said notice of said loss, said defendant, the Hanover Insurance Company, refused to pay the sum so secured by said policy, and the loss sustained by said Wiley, by reason of the destruction of said building by fire, or any part or portion thereof, and immediately after said notice of said loss, said insurance company denies any and all liability by reason of said loss and destruction of said property by fire, and on account of and by virtue of its said policy."

Our civil code provides, that in pleading the performance of a condition precedent in a contract, it shall be sufficient to allege generally that the party performed all the conditions on his part; and that if the allegation be denied, the facts showing a performance must be proved on the trial. §373 Burns 1894, §370 Horner 1897. The provisions for notice of loss and for proof of loss are conditions relating to matters following the loss insured against, which operate upon the contract of insurance only subsequent to the loss, but they are usually called conditions precedent to the right of recovery, and are within the meaning of the provisions of the code relating to the pleading of performance of conditions precedent.

Under such a policy as that before us, notice in writing

within a reasonable time after the loss by fire, unless waived by the insurance company, was a condition precedent to the right to recover for the loss. *Germania Ins. Co. v. Columbia, etc., Co.,* 11 Ind. App. 385; *Insurance Co. v. Brim,* 111 Ind. 281; *Pickel* v. *Phenix Ins. Co.,* 119 Ind. 291.

The furnishing of proof of loss as required by the policy is a condition precedent to the plaintiff's right of recovery. *Indiana Ins. Co. v. Capehart,* 108 Ind. 270.

It was incumbent upon the plaintiff to show in pleading and in evidence that all conditions precedent to the right to recover had been performed, or to show a waiver or other sufficient excuse for their non-performance. *Germania Ins. Co. v. Deckard,* 3 Ind. App. 361; *Baker* v. *German Ins. Co.,* 124 Ind. 490.

The rule of pleading, that specific averments shall control general ones, applies only where there is a necessary conflict between them. *Germania Ins. Co. v. Deckard,* 3 Ind. App. 361, 365.

Where the specific allegations of the complaint show that the general allegation of performance on the part of the plaintiff is not true, such inconsistency renders the complaint insufficient. *Baker* v. *German Ins. Co.,* 124 Ind. 490.

The complaint, as above indicated, contained a general averment sufficient under the provision of the statute above mentioned, and allegations of particular facts constituting performance on the part of the insured 'were not needed. *American Ins. Co. v. Sweetser,* 116 Ind. 370. The complaint therefore was not insufficient as claimed by the appellant, unless the allegations of particular facts are necessarily inconsistent with the general averment; and we think the particular averments have not such effect. The court, therefore, did not err in its ruling upon the demurrer. *Aetna Ins. Co. v. Kittles,* 81 Ind. 96; *Underwriters* v. *Durland,* 123 Ind. 544, 7 L. R. A. 399; *American Ins. Co. v. Leonard,* 80 Ind. 272; *Phenix Ins. Co. v. Pickel,* 119 Ind.

155, 12 Am. St. 393; *Germania Ins. Co.* v. *Deckard,* 3 Ind. App. 361.

It is alleged in the complaint that Annie Wiley, the insured, after the fire and before the bringing of this action, assigned and transferred to the appellee "her interest on account of said loss and destruction by fire of said property, and all her interest in said *policy* and her right of recovery thereunder, by indorsing in writing on the back of said policy the following assignment, to wit: 'For value received, I hereby assign, transfer, and set over to Abbott L. Johnson the within policy and all my right, title and interest in and to the same, and hereby assign, transfer and set over to him all my claims, interest, rights of action, and demands, of every kind whatsoever, against the Hanover Fire Insurance Company, under and by virtue of said policy, and the loss and destruction by fire of the property covered by the within policy, and I sell, assign and transfer to said Johnson any and all rights, demands, debts, claims and causes of action that I have and hold against said insurance company. January 15, 189-. Annie Wiley.' "

The policy filed with the complaint as an exhibit contained a "union mortgage clause," with a provision as follows: "Loss, if any, payable to the Wayne National Building and Loan Association of Indiana (Home Office Cambridge City, Indiana), mortgagee or trustee, as hereinafter provided: It being hereby understood and agreed that this insurance as to the interest of the mortgagee or trustee only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by the terms of this policy. * * * It is also agreed that whenever this company shall pay the mortgagee or trustee any sum for loss under this policy, and shall claim that as to the mortgagor or owner no liability therefor existed, it shall at once, and to the extent of such payment, be legally subrogated to all the rights of the party

to whom such payments shall be made, under any and all securities held by such party for the payment of such debt," etc.   See *Hastings* v. *Westchester Fire Ins. Co.,* 73 N. Y. 141; *Ulster County Savings Inst.* v. *Leake,* 73 N. Y. 161; *Westchester Fire Ins. Co.* v. *Coverdale,* 48 Kan. 446, 29 Pac. 682; *St. Paul, etc., Ins. Co.* v. *Upton,* 2 N. Dak. 229, 50 N. W. 702; *Davis* v. *German American Ins. Co.,* 135 Mass. 251; *Meriden Sav. Bank* v. *Home Ins. Co.,* 50 Conn. 396.   The complaint proceeds upon the theory that the liability under the policy had become a fixed and definite liability to Annie Wiley at the time of the assignment, and that this whole interest of Annie Wiley, with her right to sue therefor, was by the assignment transferred to the appellee, who became the real party in interest by virtue of this assignment alone.

Upon the trial by jury of issues formed, a general verdict was returned for the appellee in the sum of $1,606.75; and the jury also returned answers to interrogatories.   The appellant's motion for judgment in its favor on the answers to interrogatories, notwithstanding the general verdict, was overruled.   The jury specially found, that immediately after the fire the appellee claimed the ownership and right to the proceeds of the policy in suit, as his interest might appear; that up to January 15, 1898, he demanded the proceeds of the policy from the appellant, by virtue of his having liquidated the building loan mortgage held by the Wayne International Building and Loan Association; that Annie Wiley assigned the policy to the appellee January 15, 1898, the consideration for the assignment being the paying off the building and loan mortgage; that up to January 15, 1898, Annie Wiley did not make any demand upon the appellant for the proceeds of the policy; that she did not, at any time, or in any manner, give notice to the appellant of her loss by fire under the policy, and did not at any time furnish the appellant proofs, or make proofs to the appellant, of loss under the policy; that on the 15th of Feb-

ruary, 1897, one Roscoe C. Griffith, who was not an agent
of the appellant, wrote to the appellant about the policy, at
the instance of the appellee, as a friend; that Griffith was
not the agent or attorney of Annie Wiley and she did not
authorize or direct him to correspond with the appellant;
that one Frank Ritchie replied to this letter about the 17th
of February, 1897, and on receipt of the letter in reply,
Griffith gave it to appellee; that the appellee visited the
office of the appellant at the city of Chicago, about the 16th
of February, 1897; that one John Stone, the adjuster of the
appellant, in person, denied liability of the appellant to the
appellee, about January 28, 1897; that at that time the ap-
pellee had an interest in the policy by virtue of having liqui-
dated the building loan mortgage held by said building and
loan association, and was then claiming the ownership or
an interest in said policy by virtue of such liquidation of
the mortgage; that appellee did not advise the appellant at
any time that he was acting as agent for or on behalf of
Annie Wiley in his negotiation for a settlement of the pol-
icy; that the appellant denied liability to Annie Wiley under
the policy about January 28, 1897, to the appellee, and in
a letter from Ritchie to Griffith, about February 17, 1897,
and by Stone in a letter to one Grady about January 29,
1897; that Annie Wiley, on the 24th of January, 1897, was
the sole and unconditional owner of the title to the real
estate on which the house injured by fire was situated, and
that the appellee in his efforts to collect the policy acted for
himself.

Our statute permits the plaintiff to plead generally the
performance of conditions precedent, but it is a rule of
pleading in this State that where he intends to rely on an
excuse for not performing, on the ground of waiver or negli-
gence of the defendant or a refusal on his part to perform,
the particular circumstances constituting such excuse should
be averred, as at common law; and if the complaint allege

full performance of the conditions precedent on the part of the plaintiff he can not recover upon evidence showing a failure to perform with an excuse therefor. *Purdue* v. *Noffsinger,* 15 Ind. 386; *Cromwell* v. *Wilkinson,* 18 Ind. 365, 367; *Home Ins. Co.* v. *Duke,* 43 Ind. 418, 421; *Indiana Ins. Co.* v. *Capehart,* 108 Ind. 270, 273; *Bowlus* v. *Phenix Ins. Co.,* 133 Ind. 106, 120, 20 L. R. A. 400.

The plaintiff may proceed in one paragraph upon the theory of full performance of conditions precedent on the part of the plaintiff, and in another paragraph upon the theory of waiver of performance of particular conditions, as in *Indiana Ins. Co.* v. *Capehart, supra,* but each paragraph must proceed upon some definite theory.

Treating the complaint as proceeding, as is required, upon a consistent theory, and construing its averments most strongly against the pleader, we think it must be regarded as averring full performance by the owner of the property of all conditions precedent, without relying upon or sufficiently showing a waiver of any of them. The special findings of the jury are inconsistent with a recovery upon such a theory.

What might have been the rights of the appellee by virtue of his payment or "liquidation" of the mortgage need not be considered. No reference is made in the complaint to the mortgage or to his connection therewith. He sued as assignee of the owner of the property insured, and he could not recover unless she had a right of action at the time of the assignment, which was made about one year after the fire. Whether or not, before the assignment, the appellee stood in the position of the mortgagee, and whether or not, in the relation which he held up to that time, he was affected by defaults of the owner of the property, he certainly was affected as assignee by any default which would deprive the owner of the right to recover upon the policy. If she, at the time of the assignment, could not recover on the policy, the appellee must fail. It is specially found that

before the assignment she did not make any demand upon the appellant for the proceeds of the policy, that she never in any manner gave notice to the appellant of her loss by fire under the policy and never made or furnished proof of loss. Though there were negotiations between the appellee and the appellant soon after the fire, the appellee therein was acting not as the representative of the owner of the property, but solely for himself in the capacity of one who had liquidated the mortgage debt. If the inference is not indeed irresistible that between the appellee's assignor and the appellant there were no negotiations or communications directly or through representatives, and no waiver of notice and proof of loss, it does appear affirmatively from the special findings that the appellee was not entitled to a recovery as assignee of the insured upon the cause of action shown by the complaint.

The judgment is reversed, with instruction to sustain the appellant's motion for judgment.