JOHN J. MACK, Respondent, *v.* THE ROCHESTER GERMAN INSURANCE COMPANY OF ROCHESTER, N. Y., Appellant.

A policy of fire insurance contained a provision declaring that "the working of carpenters  *  *  *  and other mechanics in  *  *  *  altering or repairing" the building covered by the policy, would cause a forfeiture of all claims" under it, unless the written consent of the company was indorsed thereon. It also provided that if the risk should be increased by any means within the control of the assured the policy would be void. The building was, at the time of the insurance, occupied as a grocery store. In an action upon the policy it appeared that plaintiff, after it was issued, leased the building to be used for the purpose of carrying on the fruit drying business, which required substantial alterations in the building, among others the removal of portions of two floors and the roof, and the construction of large wooden flues extending up through the building from the cellar and above the roof. These alterations were being made without defendant's consent, and while carpenters were engaged in the work the building was destroyed by fire. *Held*, that the evidence showed a violation of the conditions of the policy which rendered it void; and that a submission of the question to the jury was error.

(Argued June 17, 1887; decided October 4, 1887.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made January 13, 1885, which reversed a judgment in favor of defendant entered upon a verdict directed by the court

This action was upon a policy of fire insurance.

The material facts are stated in the opinion.

*George F. Yeoman* for appellant. The words of the policy must be taken in their ordinary sense as commonly used and understood. (*Herrman* v. *Merch. Ins. Co.*, 81 N. Y. 184.) If the warranty had been that the risk was detached from such building as the one actually within the distance fixed, there would have been a breach of the warranty, and the plaintiff could not have recovered whether the risk was increased or not. (*O'Neil* v. *B. Ins. Co.*, 3 N. Y. 122; *Murdock* v. *Che. Co. Mut.*, etc, 2 id. 210, 220; *Duncan* v. *Sun F. Ins. Co.*, 6 Wend. 489, 494.) The provision of the policy "that the working of carpenters　*　*　* in altering　*　*　* any building or buildings covered ·by this policy will cause a forfeiture of all claim under this policy without the written consent of the company indorsed thereon" was applicable to all alterations in the premises insured. (Wood on F. Ins., § 244; May on Ins., § 240; *Harris* v. *Col. Mut.*, etc., 4 O. 285; *Howell* v. *B. Eq. Co*, 16 Md. 377; *Rann* v. *Home Ins. Co*, 59 N. Y. 387.) The court erred in rejecting defendant's offer to prove by one Falkner, who was a member of the firm that countersigned the policies, that the night before the fire he waived, ·orally, the forfeiture caused by the working of the carpenters. (*Bush* v. *West. F. Ins. Co.*, 63 N. Y. 531; *Sohnes* v. *Ins. Co. of N. A.*, 121 Mass. 438; Wood on F. Ins. 649 *et seq.*; *Marvin* v. *Univ. L. Ins. Co.*, 85 N. Y. 278, 282; *Walsh* v. *H. F. Ins. Co.*, 73 id. 5; *Van Allen* v. *Furmers', etc., Ins. Co.*, 64 id. 469; *Steen* v. *Nia. F. I. Co.*, 89 id. 315.) The violation of the provision in the policy as to the working of carpenters avoids it, whether the act was done with or without the consent of the assured. (May on Ins., § 227; *Duncan* v. *Sun F., Ins. Co.*, 6 Wend. 489, 494; *Shepard* v. *Un. M., etc., Co.*, 38 N. H. 232, 240; *Trustees of F. Assur. Co.* v. *Williams*, 26 Penn. 196; *Diehl* v. *B. Eq. So.*, 19 Md. 377; *Appleby* v. *F. Fund Ins. Co.*, 45 Barb. 454.)

*William H. Kenyon* for respondent. There was no repairing of the building within the prohibition of the policy.

(*Burleigh* v. *Gebhard F. Ins. Co.*, 90 N. Y. 220, 226; Wood on F. Ins., § 244; May on Ins., § 240.) Such restrictive language in a policy has no application to the ordinary casual work necessary about a building. Its object is only to "prohibit such hazardous use as is generally denominated builders' risk." (*N. Y. L. Ins. Co.* v. *Langdon*, 6 Wend. 623; *Dobson* v. *Sotheby*, 1 M. & M. 90; *Shaw* v. *Robberds*, 1 N. & P. 279; *Buchanan* v. *Exch. F. Ins. Co.*, 61 N. Y. 25, 28, 29.) Even in the case of warranties, where the language gives opportunity for construction, the same principle applies. (*Burleigh* v. *Gebhard F. Ins. Co.*, 90 N. Y. 220, 226; *Morrison* v. *Wis. O. F. Mut. L. Ins. Co.*, 59 Wis. 162, 170; *Grattan* v. *Met. L. Ins. Co.*, 92 N. Y. 274, 279, 282; *Summers* v. *U. S. Ins. Co.*, 13 La. An. 504.) Conditions which work a forfeiture are not to be extended by implication or construction. Being for the benefit of the insurer, they will be construed most liberally for the insured. (*Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417, 421; *Rann* v. *Home Ins. Co.*, 59 id. 387; *Mulville* v. *Adams*, 19 Fed. R. 887; May on Ins. [2d ed.], § 222.) Whether or not there was a breach of the conditions of the policy that "the working of carpenters, * * * in building, altering or repairing any building or buildings covered by this policy will cause a forfeiture of all claim under this policy," was a question of fact for the jury. (*Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417–421; *Uhrig* v. *W. City F. I. Co.*, 101 id. 362–366; *Delahunt* v. *Ætna Ins. Co.*, 97 id. 537–541; *Sherwood* v. *Mer. M. Ins. Co.*, 66 id. 630; *Cornish* v. *Farm Bdgs. F. Ins. Co.*, 74 id. 295; *Wait* v. *Agr. Ins. Co.*, 13 Hun, 371, 374; *Carr* v. *P. & W. I. Co.*, 38 id. 86; *Burleigh* v. *Gebhard F. Ins. Co*, 90 N. Y. 220, 226; Wood on F. Ins. § 244; *Gannon* v. *Un. Fer. Co.*, 29 Hun, 631; *W. M. L. Ins. Co.* v. *Wilkinson*, 13 Wall. 222; *Whitney* v. *Black R. Ins. Co.*, 72 N. Y. 117; *Hinds* v. *Schenectady Co. M. Ins. Co.*, 11 N. Y. 554, 562.)

Ruger, Ch. J. The policy of insurance upon which this action was brought contained among others the following provi-

sions : " The working of carpenters, roofers, gas-fitters, plumbers and other mechanics, in building, altering or repairing any building or buildings covered by this policy, will cause a forfeiture of all claim under this policy, without the written consent of this company indorsed hereon." It was also provided that the policy should be void " if the risk be increased by any means within the control of the assured."

At the Circuit a verdict was directed in favor of the defendant, upon the ground that the loss occurred during a violation of the conditions of the policy by the plaintiff, and while the building was being occupied by carpenters in making alterations therein without defendant's written consent. The General Term was of the opinion that the evidence presented a question of fact for the jury, and that the trial court erred in directing a verdict. We differ with the General Term. There was no material conflict in the evidence, and the following facts were undisputed : The policy in question was issued January 29, 1881, and the fire occasioning, the destruction of the building took place on October eleventh, thereafter. At the time of the insurance the building was occupied as a grocery store by a tenant of the plaintiff, and continued to be so occupied until about October first. On September 29, 1881, the plaintiff executed a lease of the building to other tenants, who contemplated using it for the purpose of carrying on the business of drying fruit, and the lease provided that they should have the privilege of putting the machinery needed for their business into the building. This business required some alterations in the structure, and the introduction therein of a furnace and wooden shafts or boxes running from the cellar to the roof, and constituting the driers in which fruit was intended to be cured by heat. These driers required, in their formation, the cutting of large holes, five feet square, through each floor of the building and its roof, and the removal of the timbers, boards, scantling and plastering, constituting the flooring and roofing, and the rebracing of the joists or sleepers of the several floors. They

also required the introduction of wooden boxes or shafts running from the cellar to six feet above the roof, divided into compartments, for holding the fruit while it was in process of being dried. These boxes were made of boards securely fastened to pine scantlings at each corner of the box and forming a well or shaft from cellar to roof. From about October first to the time of the fire, carpenters were engaged in making these changes as well as making tables and other conveniences for carrying on the business of drying fruit, and these improvements had not been completed when the building was destroyed.

The General Term assumed that the making of ordinary and necessary repairs to a building to preserve it from decay, or the cutting of a stove pipe hole in a partition, or other similar acts, would not be a breach of the conditions of the policy, and, therefore, the question here presented could not be held as a question of law to constitute such an alteration of the building by carpenters as would violate the conditions of the policy. These illustrations do not seem to us to be applicable to this case, or to afford any authority for the proposition that a jury were authorized, in such a case as the present, to find that the covenants were not violated by the plaintiff. The General Term properly laid down the rule by which such instruments should be construed, and held that they should receive a reasonable construction, reference being had to the object sought to be attained by the parties. It was also said that "such conditions are not to be extended by implication so as to include cases not clearly or reasonably within the words as ordinarily used and understood."

We have no difficulty in agreeing with the rules of law laid down by that court, but we are quite unable to concur in the view taken by it of the evidence. The provision of the policy governing the case is framed in plain, unambiguous language, and its object and design are reasonable and free from any doubt. Certain conditions are very generally regarded by underwriters as largely increasing the hazards of insurance and they, unless corresponding premiums are paid for the extra risks, are usually intended to be excluded from

the obligation of the policy. Such are the conditions in reference to unoccupied houses, changes in the occupation from one kind of business to another more hazardous, the use of inflammable substances in buildings, and their occupation by carpenters, roofers, etc., for the purpose of making changes and alterations. These conditions, when plainly expressed in a policy, are binding upon the parties and should be enforced by courts, if the evidence brings the case clearly within their meaning and intent.

It tends to bring the law itself into disrepute, when, by astute and subtle distinctions, a plain case is attempted to be taken without the operation of a clear, reasonable and material obligation of the contract. There can be no reasonable question but that the evidence here showed a clear and deliberate attempt to change the character of the occupation of the insured building from a comparatively safe to a hazardous one, and a substantial alteration of the structure by carpenters. These alterations required the removal of large portions of two floors and the roof, and the introduction therein of two flues constructed of inflammable materials and extend·ing through the entire height of the structure, affording every means for the spread of conflagration and constituting a large increase of combustible material. The case is brought clearly within the spirit as well as the letter of the contract, and if it does not show a violation of the conditions, we can conceive of no situation which would have effected that result. In case there had been a submission of the facts to the jury and it had found that carpenters were not engaged in making alterations of this building within the meaning of the policy, it would have been the clear duty of the court to have set aside the verdict.

Courts are under no obligation to yield their assent to verdicts which deny significance to language, or violate the plain meaning and intent of an unambiguous contract.

The order of the General Term should be reversed and the judgment entered upon the verdict affirmed, with costs.

All concur.

Order reversed and judgment affirmed.