NEWPORT IMPROVEMENT COMPANY, Appellant *v.* HOME INSUR-
ANCE COMPANY, Respondent.

FIRE INSURANCE — POLICY FORFEITED BY ALTERATIONS AND REPAIRS
MADE WITHOUT INSURER'S CONSENT.  Where a policy of fire insurance
provides that "the entire policy, unless otherwise provided by agree-
ment indorsed thereon or added thereto, shall be void  *  *  *  if
mechanics be employed in building, altering or repairing the insured
premises for more than fifteen days at any one time," and alterations
were made and continued by the insured, without the insurer's consent
indorsed upon the policy, for more than fifteen days, and consisted of the
removal of the entire east end of the main building in which work was
done, in order to connect it with the various floors of a new building
erected by the insured in place of two smaller structures adjoining the
main building to which the new structure was tied and bolted, the policy
is forfeited, and the insured cannot recover for a loss by fire occurring
while such work was in progress.
*Newport Improvement Co.* v. *Home Ins. Co.,* 21 App. Div. 633, affirmed.

(Submitted April 27, 1900; decided June 5, 1900.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
October 27, 1897, affirming a judgment in favor of defendant
entered upon a dismissal of the complaint by the court at a
Trial Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*William Nottingham* for appellant.  The condition of the
policy that it should be void, if mechanics should be employed
in building, altering or repairing the premises therein
described for more than fifteen days at any one time, was
not broken by the insured.  (*Rann* v. *Home Ins. Co.,* 59 N.
Y. 387; *Grant* v. *Howard Ins. Co.,* 5 Hill, 10; *Young* v.
*W. C. M. Ins. Co.,* 14 Barb. 545; *Stebbins* v. *G. Ins. Co.,* 2
Hall, 675.)  The question as to whether there was any alter-
ing and repairing of the insured premises, and also the ques-
tion as to whether the hazard was increased, should have been

submitted to the jury. ( *Woodruff* v. *I. F. Ins. Co.*, 83 N. Y. 134; *Cornish* v. *F. B. F. Ins. Co.*, 74 N. Y. 295; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Williams* v. *P. F. Ins. Co.*, 57 N. Y. 274; *Grant* v. *Howard Ins. Co.*, 5 Hill, 10.) Evidence as to the increase of hazard was improperly rejected. ( *Cornish* v. *F. B. F. Ins. Co.*, 74 N. Y. 295.

*Jones, Townsend & Rudd* for respondent. The mechanics were employed in making alterations and repairs upon the premises insured for more than fifteen days immediately preceding the fire, and as a matter of law in the absence of permission in writing or waiver of the conditions of the policy the policy is forfeited. ( *Mack* v. *R. G. Ins. Co.*, 106 N. Y. 560; *Smith* v. *G. A. Ins. Co.*, 27 N. Y. S. R. 634.)

BARTLETT, J. The plaintiff seeks to recover in this action the sum of two thousand dollars and interest upon a policy of insurance, issued by the defendant, on a knitting mill, the property of the plaintiff, in the village of Newport, N. Y. This policy was issued on the 4th of January, 1895, for the term of one year. The premises were destroyed by fire on the night of October 17th, 1895.

The defendant denies liability under the policy by reason of certain alleged acts of the plaintiff which rendered it void.

The policy contained this provision, among others: " This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void (here are immaterial provisions) * * * ; or if the hazard be increased by any means within the knowledge or control of the insured ; or if mechanics be employed in building, altering or repairing the within described premises for more than fifteen days at any one time."

This clause in the policy contains a large number of provisions separated by semicolons, each of which renders it void, as therein provided.

The answer pleaded the facts and claimed that the hazard

was greatly increased, and that the acts complained of were with the knowledge and under the direction and control of the plaintiff.

It is clear that the acts to which reference is about to be made fall within the second provision above quoted, to the effect, " or if mechanics be employed in building, altering or repairing the within described premises for more than fifteen days at any one time."

The question of increase of hazard is not necessarily involved. If mechanics are employed in building, altering or repairing the premises for more than fifteen days at any one time, and an agreement or consent is not indorsed on the policy permitting said work, the contract of insurance is void.

The building insured stood on the south side of a street or highway running east and west; the main building was two stories in height and about sixty feet on the street and thirty-two feet wide, with a basement under it.   There was a creek lying south of this building some thirty or forty feet, the land from the highway to the creek falling off considerably.   On the south side of this building and connected with it was a house twenty-two feet by twenty-eight, used as an engine and boiler house.   On the east adjoining the main building was a house about thirty-two feet long and twenty-eight feet wide and one story in height; beyond this was another addition about thirty or thirty-five feet long and twenty-five feet wide. These two structures were used for storage purposes at the time the insurance was taken out.

It rests upon uncontradicted evidence that some time in the month of August, 1895, these two additions on the east were torn down and in place thereof was erected a new building seventy-two feet long and thirty-five feet wide, with a four-story tower at the east end thereof.   It was put up to look in a general way like the old building, and was built up against the east end of it and connected with it.   The carpenters commenced work on this new building about the 2d of September, 1895, and the general work on the new structure was not completed at the time of the fire.

It appeared that the east end of the main building, which separated it from the old additions on the east, had a stone wall, which was as high as the first floor, that was twenty inches thick.

When the work on the new building had sufficiently progressed, this basement wall was removed, together with the entire east end of the building, and these openings were covered by matched stuff to temporarily keep out the wind and rain.

It appears by undisputed evidence that work was done in the old building in order to make the connection on the various floors, and that the work was not completed in that regard at the time of the fire; also that the new building was tied and bolted to the old structure.

The carpenters and painters were at work on the premises up to six o'clock of the night of the fire. It was also proved that there were in the new building considerable quantities of linseed oil, turpentine, dryer and other necessary materials for the painters.

There is no proof as to how the fire originated, but there is a conflict in the evidence as to the point at which it began. Several witnesses testified that the four-story tower at the east end of the new building was in flames at the time they reached the scene. Two witnesses testified that they went to the south side of the building on arriving at the premises and found that the engine and boiler house was nearly consumed, and it is to be inferred from this evidence that the fire had spread from that building to the new part of the main structure.

As the plaintiff was nonsuited, it is doubtless entitled to the most favorable view of the evidence as to the place where the fire originated, if it is material.

The point was argued in the briefs, but we regard it as wholly unimportant. As before stated, the question of increase of hazard is not necessarily involved in this case. The policy was forfeited by reason of these alterations and work in erecting the new building and connecting it with the

old structure, which necessitated the removal of the entire east end of the latter, without written consent of the defendant.

It is not claimed that any consent was obtained from the company to prosecute this work, and the plaintiff rests solely on the contention that the provision in the policy we are considering has not been violated.

In *Mack* v. *Rochester German Ins. Co.* (106 N. Y. 560) a policy of fire insurance contained the provision declaring that the work of carpenters and other mechanics in altering or repairing the building covered by the policy, would cause a forfeiture of all claims under it, unless the written consent of the company was indorsed thereon. It also provided that if the risk should be increased by any means within the control of the assured, the policy would be void. The building was, at the time of the insurance, occupied as a grocery store. It appeared at the trial that the plaintiff, after it was issued, leased the building for the purpose of carrying on the fruit drying business, which required substantial alterations of the building, among others, the removal of portions of two floors and the roof, and the construction of large wooden flues extending up through the building from the cellar and above the roof. These alterations were being made without the defendant's consent, and while carpenters were engaged in the work the building was destroyed by fire. It was held that the evidence showed a violation of the conditions of the policy, which rendered it void, and that a submission of the question to the jury was error.

Chief Judge RUGER, who wrote the opinion of the court, said : " The case is brought clearly within the spirit as well as the letter of the contract, and if it does not show a violation of the conditions, we can conceive of no situation which would have effected that result. In case there had been a submission of the facts to the jury and it had found that carpenters were not engaged in making alterations of this building within the meaning of the policy, it would have been the clear duty of the court to have set aside the verdict."

There is doubtless a double object in inserting the provision

we are considering in a fire insurance policy, to wit, the company desires to be advised of any change in the original conditions of the contract, and, further, to charge during the continuation of the work, if it sees fit to sanction it, an increased premium.

While the question of hazard, and the increase thereof, is always one of great moment to an insurance company, and, under the clause in question, it would doubtless have the right to terminate the contract of insurance on learning that forbidden work had been in progress for more than fifteen days, and was still progressing, notwithstanding the fact that the premises had not been injured or destroyed by fire.

The judgment appealed from should be affirmed, with costs.

O'BRIEN, HAIGHT, MARTIN, VANN and LANDON, JJ., concur; PARKER, Ch. J., not sitting.

Judgment affirmed.