SOLOMON KRANTZ et al., Doing Business as HALSON CLEANERS, Plaintiffs, *v.* PIEDMONT FIRE INSURANCE COMPANY, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, December 9, 1949.

*George J. Malinsky* for plaintiffs.

*John J. Fletcher* for defendant.

Di Pirro, J.   Plaintiffs, partners in a cleaning business, bring this action against the defendant insurance company to recover the sum of $966 representing a loss sustained by plaintiffs when their truck was broken into on March 25, 1948, and various garments belonging to plaintiffs' customers were stolen therefrom.

The parties have stipulated that on March 25, 1948, while plaintiff Krantz was using their automobile to deliver and pick up garments he parked the car in the Bronx after shutting the windows and doors securely and then went to pick up some garments from a customer in the building in front of which he had parked.   Upon his return to the car, some ten minutes later, he found that one of the windows had been partially broken and one of the rear doors closed but not locked.   The cleaned garments were missing and it is conceded that the total loss amounts to the sum of $966.   Plaintiff immediately reported this loss to a local police station and furnished the police with a detailed statement of the names and addresses of the customers whose garments had been stolen.

Thereupon plaintiffs made claim upon the defendant for payment to reimburse the customers whose garments had been so stolen.

Defendant resists payment under the terms of its policy contending that it is in no way liable to plaintiffs in view of the fact that the theft occurred at a time when plaintiffs' vehicle was left unattended.

The pertinent provisions of the policy read as follows:

" 5. (a) This policy also insures against loss by Holdup, Burglary or Theft of an entire shipping package (excluding pilferage) provided that the loss be promptly reported to the Police and immediately thereafter to this Company, but excluding loss resulting from infidelity and/or dishonesty of any person in the employ or service of the assured whether during the regular hours of employment or service or not.

" (b) Warranted by the Assured that the vehicle described in this Policy or any substituted vehicle operated by the assured in which the insured property is carried is equipped with an

entirely closed body of good construction and equipped with suitable locks.

" (c) Warranted said vehicle (s) as hereinbefore described and while containing property at risk hereunder shall at all times be attended by the assured or one or more persons in the employ or service of the assured.

" (d) For the purpose of this insurance, conveyance shall only be considered as attended if at the time any loss occurs, said conveyance is attended by the assured and said assured or such employee is in or upon the conveyance at the time this loss occurs."

It is my opinion passed upon the quoted provisions of the policy that the loss sustained by the plaintiffs does not come within the coverage of the defendant's policy. Although plaintiffs attempt to spell out various ambiguities in the provisions of the policy so that the interpretation of the policy is to be construed in favor of the insured and strictly against the insurer (*Gerka* v. *Fidelity & Cas. Co. of N. Y.*, 251 N. Y. 51), I feel that the policy clearly exempts the defendant from payment based upon a situation such as occurred in the instant case.

There is no question that a theft loss occurred. In such event the policy specifically provides that the vehicle while containing property at risk, " shall at all time be attended by the assured or one or more persons in the employ or service of the assured." To my way of thinking there is no question that this language presupposes that the vehicle shall have therein either the insured or someone in their employ. Here, there is no dispute that the vehicle although securely locked was left unattended for a period of ten minutes during which time the theft occurred.

It is indeed unfortunate that the plaintiffs paid a premium for a policy which did not cover them against the risk which they evidently intended to secure for their protection. However, the warranty made by the plaintiffs in securing such policy was an affirmative and promissory warranty (*Newport Improvement Co.* v. *Home Ins. Co.*, 163 N. Y. 237), and although such question of breach of warranty is generally one for the jury (*Roby* v. *American Central Ins. Co.*, 120 N. Y. 510), in the instant case the facts concededly demonstrate that the vehicle was left unattended and therefore the plaintiffs are unable to recover under the terms of their policy.

Judgment is accordingly rendered in favor of the defendant dismissing the plaintiffs' complaint upon the merits.