CASE 38—PETITION ORDINARY—OCTOBER 22.

# Spratley v. Mutual Benefit Life Insurance Co.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. LIMITATION.—A cause of action to enforce the payment of a policy of life insurance accrues after the death of the assured within a reasonable time for preparing and presenting the requisite proof of the death and demanding payment, and not when the demand is actually made.

2. PROOF OF DEATH, AND DEMAND, MUST BE MADE WITHIN A REASONABLE TIME.—A citizen of Virginia who had insured his life in 1860 in a New Jersey company died at Petersburg, Virginia, in 1863. In 1872 his widow presented proof of the death to the agent of the company at Louisville, Ky., and demanded payment, and instituted suit in 1873. *Held*, that notice and proof of the death should have been made and payment demanded within a reasonable time after the close of the late war—by January 1, 1866—and a suit thereon either in Virginia or New Jersey was barred by limitation. The policy being payable in New Jersey, is governed by the law of that state as to limitation.

BULLITT, BULLITT & HARRIS,  .  .  .  .  For Appellant,

CITED

Angell on *Limitations*, secs. 16, 95, 96.
Bliss on Life Insurance, secs. 254, 258, 359, 362, 363.
Chitty on Contracts, ed. 1860, p. 636.
Digest Fire Ins. Decisions, 241.

Story's Equity, sec. 1520.

9 Wend. 163, Cornell v. LeRoy.

8 Geo. 534, Mu. Ben. Ins. Co. v. Reese.

3 Bush, 328, Northwestern Ins. Co. v. Atkins.

6 Blatch. 445, Semmes v. City Fire Ins. Co.

9 Barb. 191, Sexton v. Montgomery Mu. Ins. Co.

10 Pick. 119, Codman v. Rogers.

12 Wend. 456, Inman v. Western Fire Ins. Co.

29 Ind. 236, Providence Ins. Co. v. Baum.

32 Md. 310, Providence Ins. Co. v. Martin.

12 Mich. 202, Peoria M. & F. Ins. Co. v. Hall.

29 Barb. 552, Ripley v. Ætna Fire Ins. Co.

13 Gray, 434, Taylor v. Ætna Life Ins. Co.

21 Eng. Com. Law, 468, Thorpe v. Booth.

20 Gratt. 624, Warwick v. Manhattan Life Ins. Co.

GAZLAY & REINECKE,  . . . . . . .  For Appellee,

CITED

Civil Code, sec. 612.

General Statutes, 413, secs. 17, 19, 21; 686, sec. 19.

Lawrence's Wheaton, 160.

Revised Statutes, vol. 1, 470, secs. 23, 25; vol. 2, 134, sec. 19.

Dillon's Central Law Jour. No. 7, Smith v. Charter Oak Life Ins. Co.

Story, Conflict of Laws, sec. 278, a.

U. S. C. C. W. Dis. Tenn., Tait v. New York Life Ins. Co.

The Protector, 12 Wallace, 700.

The Rapid, 8 Cranch, 160.

United States Statutes at Large, vol. 12, 1262; vol. 13, 763.

Virginia Acts of 1865–66, pp. 180, 191; 1866–67, p. 726.

Virginia Code of 1860, p. 637.

Bliss on Life Insurance, secs. 284, 371.

2 Greenleaf, 253, Atwood v. Clark.

1 Allen, 296, Baxter v. Chelsea Mutual Fire Ins. Co.

4 East. 410, Brandon v. Curling.

2 Bigelow, L. & A. Ins. R. 16, Campbell v. American Popular Ins. Co.

5 B. Mon. 448, Chamberlain v. Maitland & Co.

3 Sumner U. S. C. C. R. 530, Cocker v. Franklin Hemp Co.

6 Hill, 526, Commonwealth of Kentucky v. Bassford.

1 Cin. Sup. C. R. 574, Eureka Ins. Co. v. Parks.

9 Blatchf. C. C. R. 234, Hamilton, ex'r v. Mut. Life Ins. Co.

6 Vroom, 615, Hillyard v. Mutual Benefit Life Ins. Co.

3 Robertson, 332; S. C. 44 N. Y. 276, Howell v. Knickerbocker
Life Ins. Co.

3 Comst. 270, Hyde v. Goodnow.

8 Exchequer, 922, Jones v. Gibbons.

Bliss on Life Ins. sec. 411, Mitchell v. Mut. Life Ins. Co.

1 Hawks, N. C. 41, Murry v. Smith.

2 Cin. Sup. C. R. 326, Mut. Ben. Life Ins. Co. v. French.

8 Ga. 534, Mutual Benefit Life Ins. Co. v. Ruse.

7 Bush, 179, New York Life Ins. Co. v. Clopton.

5 Pickering, 168, Nichols v. Squire.

2 Abb. Pr. N. S. 167, O'Reilly v. Mutual Life Ins. Co.

8 Wallace, 183, Paul v. Virginia.

3 Bibb, 105, Phillips v. Morrison.

7 Wallace, 390, Riddlesbarger v. Hartford Ins. Co.

1 Disney, 335; S. C. 2 Disney, 106, Robert v. New England Life
Ins. Co.

2 Penn. R. 71, Roberts v. Beatty.

6 Blatchf. C. C. R. 445, Semmes v. City Fire Ins. Co.

4 Met. (Ky.) 301, Short v. Trabue.

7 Watts & Serg. 349, Susquehanna Ins. Co. v. Perrine.

5 T. R. 695; S. C. 1 Bos. & P. 471, Tarleton v. Staniforth.

9 Howard, 390, Tayloe v. Merchants' Fire Ins. Co.

7 Mon. 584, Taylor v. Bank of Illinois.

8 B. Mon. 306, Tyler v. Trabue.

2 Kernan, 258, Western v. Genesee Mutual Ins. Co.

6 Jones, N. C. 558, Woodfin v. Asheville Ins. Co.

6 Am. Law Reg. 485, Wright v. Sun Mutual Ins. Co.

20 Grattan, 614, Manhattan Life Ins. Co. v. Warwick.

26 Ala. 273, Adams v. Adams.

20 Me. 67, Atkinson v. Brown.

16 Pick. 231, Atwood v. Cobb.

12 Mass. 557, Bartlett v. King.

13 Mass. 4, Blanchard v. Russell.

50 N. Y. 610, Cohen v. Mutual Life Ins. Co.

18 Iowa, 431, Coles v. Iowa State Mutual Ins. Co.

58 Penn. St. 449, Diehl v. Adams Co. Mutual Ins. Co.

44 Ga. 119, Dillard v. Manhattan Life Ins. Co.

47 Barb. 127, Fried v. Royal Ins. Co.

16 Johns. R. 438, Griswold v. Waddington.

13 Am. Law Reg. 103, Feb'y, 1874, Hancock v. New York Life
Ins. Co.

16 Me. 164, Hill v. Hobart.

15 Me. 350, Howe v. Huntington.

12 Wendell, 456, Inman v. Western Fire Ins. Co.

14 Me. 57, Kingsley v. Wallis.

99 Mass. 254, Kline v. Baker.

11 Johns. R. 260, Lawrence v. Ocean Ins. Co.

51 Penn. St. 411, Mitchell v. Lycoming Ins. Co.

10 Allen, 521, Pratt v. Farrar.

42 N. Y. 54, Robinson v. International Life Assur. Society.

23 N. Y. 516, Ruse v. Mutual Benefit Life Ins. Co.

50 N. Y. 626, Sands v. New York Life Ins. Co.

15 Me. 40, Sawyer v. Hammat.

18 Iowa, 322, Simeral v. Dubuque Mutual Fire Ins. Co.

12 Met. (Mass.) 284, Spoor v. Spooner.

45 Miss. 581, Statham v. New York Life Ins. Co.

13 Gray, 424, Taylor v. Ætna Ins. Co.

29 Conn. 68, Treadway v. Hamilton Mutual Ins. Co

32 N. Y. 441, Walsh v. Washington Ins. Co.

12 East. 183, Want v. Blunt.

16 N. Y. 310, White v. Haight.

26 N. Y. 122, White v. Madison.

101 Mass. 469, Williams v. Powell.

103 Mass. 78, Markey v. Mutual Benefit Life Ins. Co.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

October 9, 1860, the Mutual Benefit Life Insurance Company issued to Ann E. Spratley, of Suffolk, Virginia, a life policy for $5,000 upon the life of her husband, Thomas W. Spratley.

Before the annual premium for 1861 fell due the powers of the agent at Suffolk had been revoked in consequence of the civil war. For that reason said annual premium, and those subsequently falling due, were not paid.

In September, 1863, Thos. W. Spratley died at Petersburg, Virginia. In October, 1872, Mrs. Spratley, through her agents and attorneys, delivered to K. W. Smith, agent for the insurance company at Louisville, Kentucky, proofs of the death of the insured. On the 17th of February, 1873, this action was instituted.

The company relies on numerous defenses; among others, the failure by the assured, within reasonable time, to present

due notice and proof of death.   It also pleads and relies on
the statute of limitations.

It is in proof that the limitation to actions on life insurance
policies not under seal (as is the case with this one) is six years
in New Jersey, the domicil of the company, and five years in
the state of Virginia, where appellant insists that all the stip-
ulations of the contract were to be performed.

Counsel argue that as by the terms of the policy the money
is not due and payable until ninety days after due notice and
proof of death, limitation does not begin to run until such
notice with proof is given to the company.   They attempt to
assimilate the contract sued on to notes payable on demand.

It seems to us that there is an essential difference between
them.   In cases of notes payable on demand the debtor is
fully advised as to the existence of his debt and of his sub-
sisting obligation to pay it.   It is within his power to seek his
creditor and discharge himself from liability by paying it.   So
long as he remains quiet and inactive it is to be presumed that
he consents to the inactivity of the creditor, and that the time
when the limitation is to begin to run is postponed by the con-
sent of both the parties to the contract.   Not so in cases of life
insurance.   The company has no certain means of ascertaining
when, by the death of the insured, its liability to pay occurs.
To remedy this difficulty the contract requires the assured to
notify the insurer of the happening of this event.   The pre-
sumption is conclusive that the parties to the contract intend
that this notice shall be given as soon as it is reasonably pos-
sible to do so.   The insurer has the right, whilst the witnesses
are still alive, and the circumstances still fresh in their memo-
ries, to investigate the causes of the death in order to ascertain
whether or not he is liable to pay the insurance.   In cases of
apparently unreasonable delay the assured must present a satis-
factory explanation therefor, or else the statute should be held
to begin to run within a reasonable time after the death.   In

this case the prevalence of the civil war rendered it impossible to make and present the proof until about the middle of the summer of 1865.

The evidence shows, however, that with reasonable diligence the assured might have been in an attitude to sue by the 1st day of January, 1866. The action was therefore barred in Virginia under the statute of limitations of that state on the 1st day of January, 1871.

It is claimed, however, that the running of the statute in said state was suspended by legislative enactment.

On the 2d day of March, 1866, the Virginia Legislature passed a statute providing that the time intervening between the 17th of April, 1861, and the enactment of the said statute should be excluded from the computation of time within which it was theretofore necessary to commence any action or proceeding. By this act the limitation commenced to run on the 2d of March, 1866, and the action was barred on the 2d of March, 1871.

But it is claimed that the statute was still further suspended by an act passed on the same day, which deprived creditors of the right to enforce the collection of certain of their debts until the 1st day of January, 1868, and provided that the time during which said act should remain in force should be excluded from the computation of time within which any action or proceeding was required to be commenced.

Foreign debtors were excluded from the operation of this act. The first section of this act was afterward continued in force until the 1st day of January, 1869. We need not determine whether this amendatory act also continued in force the section of the act of March 2, 1866, suspending during its operation the statute of limitations.

Appellee was a foreign debtor at the time both the original and amendatory statutes were passed, and therefore was not affected by them.

It may be that the laws of Virginia gave to foreign insurance companies doing business in that state before the war "a sort of local existence," as was held by a bare majority of the Virginia Court of Appeals in the case of Manhattan Life Insurance Company v. Warwick (20 Grattan, 614). But if this be true it is equally true that the course pursued by Virginia in the war between the states effectually uprooted and destroyed the "sort of local existence" this appellee had in that state.

Its domicil was within a state adhering to the Federal Government, and from the time hostilities commenced between Virginia and the Federal Government this appellee could not comply with the laws of Virginia, and therefore without fault upon its part it lost its *quasi* local habitation in that state, and as matter of necessity assumed toward Virginia and her laws its original character of a foreign corporation.

It was therefore, so far as this record shows, a foreign debtor in March, 1866, and in no wise affected by the provisions of the act of the 2d of that month.

But in addition to all this the policy of insurance was a New Jersey contract, to be performed, so far as the payment of the insurance was concerned, in New Jersey. The company was expelled from Virginia by force, and was under no obligation to send agents to that state after hostilities ceased, either to solicit further business or to put it in the power of Virginia creditors to sue it in the courts of that state.

The action was barred by the laws of both New Jersey and Virginia, and the court below was bound to instruct the jury that it could not therefore be maintained in this state. Wherefore the instruction to find for the defendant did not prejudice the substantial rights of the appellant.

Judgment affirmed.