[No. 17384.   Department Two.   April 4, 1923.]

MARY WARNER, *Appellant*, v. MODERN WOODMEN OF AMERICA, *Respondent*.[1]

INSURANCE (164)—ACTIONS—LIMITATIONS—DELAY IN BRINGING SUIT—SEVEN YEARS ABSENCE OF INSURED. Where proof of death of the insured depended upon the presumption arising from his unaccountable absence for seven years, the beneficiary has a reasonable time thereafter to present proof of death; but it must be said, as a matter of law, that the lapse of four years thereafter was an unreasonable delay in presenting proof and commencing action on the policy; notwithstanding there was some evidence that plaintiff had heard rumors inducing her to believe that the assured was alive.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered December 24, 1921, upon granting a nonsuit, dismissing an action upon a benefit certificate. Affirmed.

*Belden & Belden* and *Harry L. Cohn,* for appellant.

*Truman Plantz, Geo. G. Perrin* and *Davis & Heil,* for respondent.

PARKER, J.—This is an action upon a benefit certificate of life insurance issued to the deceased husband of the plaintiff, Mary Warner, the beneficiary named therein, by the defendant Modern Woodmen of America, a fraternal beneficial society. The case proceeded to trial in the superior court for Spokane county, sitting with a jury. At the conclusion of the introduction of evidence on behalf of plaintiff, the trial court, in response to an appropriate motion made by council for the defendant, withdrew the case from the consideration of the jury, decided, as a matter of law, that the evidence was not such as to sustain a recovery by the plaintiff, and accordingly rendered its judgment of dismissal rested upon the ground that.

[1]Reported in 214 Pac. 161.

the plaintiff's right of recovery, if any she had, was barred by the lapse of time. From this disposition of the case, the plaintiff has appealed to this court.

The certificate sued upon was issued by respondent society on November 4, 1898, by the duly constituted officers of its camp at Livingston, Montana, the deceased and appellant being then residents of that city. The allegations of appellant's complaint, and also the evidence introduced upon the trial in her behalf, render it plain that her claimed right of recovery as the beneficiary named in the certificate is not rested upon any direct or specific proof of the death of her husband, but is rested upon the fact of his unaccountable disappearance in May, 1906, his continued absence and the want of knowledge of his whereabouts on the part of his family and acquaintances for a period of seven years thereafter and at all times since then, and the legal presumption of his death arising therefrom. In July, 1917, which, it will be noticed, was over eleven years after his disappearance as claimed by appellant, she presented to respondent proof of the death of her husband, by her affidavit stating the circumstances of his unaccountable disappearance and continued absence, and claiming the amount of the benefit certificate. Respondent having refused to recognize or allow her claim, she commenced this action in October, 1917, seeking recovery on the certificate, alleging in her complaint the death of her husband and the time thereof, as follows:

"That a short time prior to the first day of May, 1906, the said Sherman Warner underwent an operation in the city of Denver, Colorado, and on May 1st, wrote the plaintiff from Denver, of said operation, and stated therein that the said operation was only partially successful, and that another operation would

be necessary as soon as he was physically able to submit to one, and thereafter the said Sherman Warner wrote to the plaintiff from Sheridan, Wyoming, under date of May 20th, 1906, since which said date, nothing has been heard from the said Sherman Warner by the plaintiff, his friends, relatives or acquaintances or those, who, if he were living, would have been most likely to hear from him, and plaintiff alleges the fact to be that the said Sherman Warner is dead, and died on or about the 20th day of May, 1906.''

The evidence, we shall assume, as claimed by appellant and the trial court concluded, in the light of our decision in *Butler v. Supreme Court of Foresters,* 53 Wash. 118, 101 Pac. 481, 26 L. R. A. (N. S.) 293, was such as to have warranted the jury in finding, if the case had been submitted to it, that appellant's husband died during May or early in June, 1906. At that time he was in good standing in the society and his benefit certificate was in full force and effect, and so remained until March, 1907, if he was then living; but he then ceased to be in good standing and his benefit certificate ceased to be of further force and effect, if he was then living, because of his failure to pay, and the failure of anyone to pay for him, any further dues or assessments accuring upon the certificate to the society. The certificate contains no provision limiting the time within which proof of the death of the insured shall be made and presented to the society, nor any provision limiting the time within which an action to recover upon the certificate shall be commenced following the death of the insured; except that such action can only be commenced within one year following the presentation of such proof and rejection thereof by the board of directors of the society.

The trial court judge proceeded upon the theory that, since the certificate was silent on the question of

the time within which proof of death should be made
and action commenced seeking recovery, save as we
have above noticed, our six-year statute of limitations
relating to actions upon written contracts is control-
ling of the time within which the appellant must com-
mence her action upon the certificate, computed from
the time of the accrual of her cause of action, to wit,
the time of the death of her husband, with the excep-
tion that she would be entitled to a reasonable time
following the expiration of seven years after the dis-
appearance of her husband to present proof of his
death and commence an action on the certificate, since
she was, of necessity, unable to make proof of his
death until the expiration of such seven-year period,
being compelled to rely upon the legal presumption
of his death arising from his disappearance and the
lack of further knowledge of him on the part of his
relatives and acquaintances during that period of
time.

Because of the fact that the certificate ceased to be
effective as a policy of insurance on the life of appel-
lant's husband in March, 1907, it was, of course, neces-
sary, in support of her right of recovery upon the cer-
tificate, that she prove his death to have occurred
prior to that time. This, for present purposes, we
assume she successfully did; that is, she presented
such proof upon the trial as would support a finding
by the jury that her husband died, as claimed by her,
as early as June, 1906, when the certificate was in full
force as we have noticed. Now it seems plain that
appellant's cause of action accrued at the time of her
husband's death, and that the six-year statute of limi-
tation then commenced to run against her claim and
effectually barred her recovery at the expiration of
that limitation period in June, 1912, except as the

time of her right to seek recovery on the policy was by some special circumstance extended beyond that period. It may be conceded that the lack of knowledge of the death of appellant's husband up until March, 1907, and the payment and acceptance of dues and assessments upon the certificate up until that time, extended her time for seeking recovery upon the policy to that extent. Our decision in *Teed v. Brotherhood of American Yeomen*, 111 Wash. 367, 190 Pac. 1005, relating to a one-year contract limitation, rather than a statutory limitation, seems to support this view. This, however, does not aid appellant, since more than ten years expired following the last payment of dues and assessments upon the certificate, when it ceased to be effective, before the commencement of this action.

As we understand counsel, it is conceded that, while appellant's cause of action, in a strict legal sense, accrued upon the death of her husband in June, 1906, the running of the statute was suspended in her behalf because of the necessity of her relying upon the presumption of her husband's death arising from his seven years' unaccountable absence; and that she had a reasonable time after the expiration of such seven-year period, the six-year statutory limitation, in so far as it was unimpaired, having expired, to present proof of her husband's death and commence this action. This brings us to the real and controlling question of the case. That is, whether or not the trial court erred in deciding, as a matter of law, that she delayed an unreasonable time in presenting proof of her husband's death and the commencement of this action, after the expiration of the seven years following her husband's disappearance in May or June, 1906. That period expired in May or June, 1913. She did not present to respondent proof of her husband's death un-

til July, 1917, more than four years after there was available to her complete proof of her husband's death by the legal presumption arising at the end of the seven years following his disappearance; and she did not commence this action until October, 1917.

The principal argument advanced by counsel for appellant is that the court erred in deciding, as a matter of law, that this was an unreasonable delay in presenting proof of her husband's death and the commencement of this action, rather than submitting that question to the jury for decision. We feel constrained to hold that the decision of the superior court, deciding that question as a matter of law, was correct. Appellant's proof of the death of her husband was, in a legal sense, available to her and complete in every respect in June, 1913, at the expiration of seven years following his disappearance in June, 1906. At that time the six-year statute of limitation, in so far as its running was unimpaired, had run its course; which impairment was in no event other than because of the proof of his death being unavailable to her prior to the expiration of that seven-year period. Assuming, for present purposes, that she had reasonable time thereafter to present proof of her husband's death and commence this action, we think reasonable minds can but arrive at the conclusion that the approximately four years' delay by her in presenting to respondent proof of her husband's death and commencing this action was an unreasonable delay on her part, and the trial court was right in so deciding as a matter of law.

Some contention is made that the trial court should not have so decided as a matter of law, in the light of the evidence that appellant had heard rumors as to the whereabouts of her husband near the time of the expiration of the seven-year period following his dis-

appearance and subsequent thereto, which induced her to believe that he might still be alive; and that for this reason she was warranted in delaying presenting to respondent proof of his death and the commencement of this action. These rumors all proved unfounded. The undisputed fact remains that appellant's husband unaccountably disappeared in May or June, 1906, and no word whatever was ever received by appellant, his relatives or acquaintances during the seven years following his disappearance, nor have any rumors come to appellant or his friends or relatives, so far as this record shows, which have proved reliable, of his whereabouts at any time since his disappearance in May or June, 1906. We think the trial court was right in deciding, as a matter of law, that appellant's claim against respondent was barred by the lapse of time at the time she presented proof of her husband's death and commenced this action.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, and TOLMAN, JJ., concur.

FULLERTON, J., concurs in the result.