DELBERT A. MILAM *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES

(No. 8266)

Submitted February 4, 1936. Decided February 11, 1936.

78

*Brown, Jackson & Knight,* for plaintiff in error.
*Wilbur C. Frame,* for defendant in error.

WOODS, JUDGE:

Plaintiff recovered a judgment under the terms of a certain group life insurance certificate, issued to him in 1919 at the instance and expense of Charleston Interurban Railroad Company, his then employer, on the theory that he had, during the period the certificate was in full force and effect, become totally and permanently disabled within the meaning of the provisions of said certificate. The insurer prosecutes error.

The provision, under which recovery was had, was added to the certificate in 1921. It reads: "If proof shall be furnished the society that any employee insured under the aforesaid policy has before having attained the age of sixty, become wholly disabled by bodily injuries or disease, and will be wholly and presumably permanently prevented thereby for life from pursuing any and all gainful occupations, the society will pay six months after receipt of such proof in full settlement of all obligations under the said policy pertaining to such employee, the full amount of the insurance on such life."

It appears that Milam never worked for the railroad company after January 28, 1925. On July 17, 1925, the

company notified the insurer, as follows: "Please take notice that the connection of A. D. Milam with us terminated on April 1, 1925." The insurer heard nothing further of or from the plaintiff until June, 1934, when the latter filed affidavits with it to the effect that he was totally and permanently disabled as of January 28, 1925. The only explanation that the plaintiff gave for delaying over nine years in filing proof of disability was that he had forgotten about the policy, which was in his possession.

Without commenting on the sufficiency of the evidence on the issue of claimant's alleged total and permanent disability, we will direct our attention to what seems to be the controlling question in the case, i. e., whether or not the proof of claim, in the absence of a provision relating to the time of presenting same, was seasonably made.

Plaintiff takes the position that an insurance policy is the same as any other contract in writing, not under seal, and that therefore the question of whether or not insured offered proof of loss and instituted suit within a reasonable time should be measured and determined by the statute of limitations. Code 1931, 55-2-6.

The rule is announced by the courts generally that notice of a claim on an insurance policy must be given within a reasonable time after the claim arises. *Warner* v. *Modern Woodmen of America*, 124 Wash. 252, 214 Pac. 161, 34 A. L. R. 87; *Metropolitan Life Ins. Co.* v. *Frankel*, 58 Ind. App. 115, 103 N. E. 501. "In the absence of any provision in the policy relating to the time for presenting to the company the proofs of loss, the law requires that such proof must be made within a reasonable time." 14 R. C. L. 1328. The insurer being wholly dependent upon the insured for information relative to the time liability to pay occurs, has included in its contract the requirement that the assured notify it of the happening of such event. And, as stated in *Spratley v. Mutual Benefit Life Ins. Co.*, 11 Bush. (Ky.) 443: "The presumption is conclusive that the parties to the contract intend that this notice shall be given as soon as it is reasonably possible to do so." This court, in discussing the matter of stale .

claims, in the case of *Iannarelli* v. *Insurance Co.*, 114 W. Va. 88, 171 S. E. 748, 750, makes the following pertinent statement: "Life insurance has come to occupy a most important field and to discharge an indispensable function in modern society. The life insurance companies are enabled to function only on the basis of standard mortality and experience tables. These companies must comply with fixed requirements of state statutes. Neither the actuaries of the companies nor the insurance commissioners of the states could determine with any degree of definiteness the liability to which the companies might be subjected on any given date on account of outstanding insurance, if at the same time there are large numbers of policies, supposedly lapsed and forfeited, under which there may be liability because of total disability of the insured at the time of the forfeiture, though the insurer had no notice of such disability."

As heretofore stated, no excuse was presented, except that plaintiff forgot about his policy. It is therefore apparent that he has not acted with the degree of promptness required of him by the law. And, it should be stated further, that in view of the fact that the evidence on this issue is undisputed and the inferences certain, the reasonable time is a question of law for the court. *Brown* v. *Thomas*, 120 Va. 763, 92 S. E. 977; *Payne* v. *Railway Company,* 118 U. S. 152, 6 S. Ct. 1019, 30 L. Ed. 193.

We therefore reverse the judgment, set aside the verdict, and remand the case for a new trial.

> *Judgment reversed; verdict set aside; new trial awarded.*